**Karen DeCROW, President of the Syracuse Chapter of the National Organization for Women, Joy Osofsky, Vice-President and Joan Gordon Kennedy, Member, Plaintiffs,**

v.

**HOTEL SYRACUSE CORPORATION, Defendant.**

No. 68–CV–162.

United States District Court
N. D. New York.

July 30, 1968.

---

Faith A. Seidenberg, Syracuse, N. Y., for plaintiffs.

Hancock, Ryan, Shove & Hust, Syracuse, N. Y., Philip T. Seymour, James R. McVety, Syracuse, N. Y., of counsel, for defendant.

MEMORANDUM—DECISION
AND ORDER

PORT, District Judge.

The plaintiffs in this action seek a judgment:

(1) declaring the defendant's refusal to serve an unescorted woman at a bar

---

in the Rainbow Lounge in the Hotel Syracuse "illegal, discriminatory, and unconstitutional" and,

(2) permanently enjoining "said defendant corporation from continuing their policy of refusing to serve unescorted women at their bar and * * * [insuring] such services to any women in the same fashion in which men are served."

The defendant Hotel Corporation has moved to dismiss the complaint against all parties upon the grounds that it fails to state a claim upon which relief can be granted and that the court lacks jurisdiction over the subject matter of the action, and to dismiss against the plaintiffs DeCrow and Osofsky on the ground that they do not have capacity to sue. As alternative relief, the defendant moves to strike out certain paragraphs of the complaint.

This case turns on the question of whether a privately owned hotel may refuse to serve an unescorted woman at the bar in one of its restaurants without running afoul of the Equal Protection Clause of the 14th Amendment, the Civil Rights Act (42 U.S.C.A. §§ 1983 & 1985), or section 704(b) of the Civil

Rights Act of 1964 (42 U.S.C.A. § 2000e–3(b)).

The plaintiffs are described in the title of the action as the president, vice president, and a member of the Syracuse Chapter of the National Organization for Women (N O W). The complaint may be briefly summarized as follows:

On December 20, 1967, the defendant hotel refused to serve the plaintiff Joan Gordon Kennedy at its bar in the Rainbow Lounge, a restaurant in the Hotel Syracuse, in keeping with its established policy of not serving unescorted women at its bar "[a]lthough she was sitting quietly and in no way disturbing any other patrons * * *." [1]

The complaint fails to contain the "short and plain statement of the grounds upon which the court's jurisdiction depends" required by Rule 8(a), F.R.Civ.P.[2] It does charge that the defendant's conduct was unconstitutionally discriminatory, citing section 704(b) of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e–3(b)).[3]

The plaintiffs recognize that the latter section deals with unlawful employment practices but analogize (in the complaint) that if preferences by reason of sex are limited in relation to employ-

---

[1.] "On or about the 20th day of December, 1967, one of the plaintiffs, JOAN GORDON KENNEDY, entered the Rainbow Lounge and took a seat at the bar. When she requested service, it was refused her by the bartender, an agent and employee of said defendant corporation. Although she was sitting quietly and in no way disturbing any other patrons, the said agent nevertheless refused and continued to refuse service to her while she was so seated. She was then left no choice but to leave the room, which caused her severe mental anguish and embarrassment." Complaint, para. 4.

[2.] This ground for dismissal is being bypassed because of more fatal deficiencies.

[3.] § 2000e–3. Other unlawful employment practices—Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings

* * * * *

(b) It shall be an unlawful employment practice for an employer, labor organization, or employment agency to print or publish or cause to be printed or published any notice or advertisement relating to employment by such an employer or membership in or any classification or referral for employment by such a labor organization, or relating to any classification or referral for employment by such an employment agency, indicating any preference, limitation, specification, or discrimination, based on race, color, religion, sex, or national origin, except that such a notice of advertisement may indicate a preference, limitation, specification, or discrimination based on religion, sex, or national origin when religion, sex, or national origin is a bona fide occupational qualification for employment.

ment practices, then "any discriminatory practice based solely on sex must be unconstitutional."

■ Even a hasty examination of the Civil Rights Act of 1964 makes the fallacy of such analogy apparent. The conduct of hotels and restaurants is governed by section 201(a) of said Act (42 U.S.C.A. § 2000a(a)).[4] The full and equal enjoyment of public accommodations without discrimination on account of *"race, color, religion, or national origin"* (emphasis added), including the right to be served at a bar, has been guaranteed by Congress. No such guarantee has been made on account of *sex*. This court should not gratuitously do what Congress has not seen fit to do. Mrs. Kennedy's complaint should be addressed to Congress.

■ Plaintiffs contend in their briefs that their complaint states a claim under 42 U.S.C.A. §§ 1983 & 1985 [5] and that 28 U.S.C.A. § 1343(3), (4) [6] affords a

jurisdictional base. The short answer, so well established as not to require citation of authorities, is that these sections, like the Equal Protection Clause of the 14th Amendment, are only directed at state action, which is nowhere alleged in the complaint.

The complaint should be dismissed for lack of jurisdiction over the subject matter. If jurisdiction existed, dismissal for failure to state a claim would be in order.

In view of this disposition, the other questions raised by the parties require no discussion.

For the reasons herein, it is

Ordered that the defendant's motion to dismiss the complaint be and the same hereby is granted upon the following grounds:

1. The court lacks jurisdiction over the subject matter of the action, and

2. The complaint fails to state a claim upon which relief can be granted.

---

4. § 2000a. Prohibition against discrimination or segregation in places of public accommodation— Equal access

    (a) All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

     *    *    *    *    *

5. § 1983. Civil action for deprivation of rights

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

    § 1985. Conspiracy to interfere with civil rights—Preventing officer from performing duties

     *    *    *    *    *

    (3) If two or more persons in any State * * * conspire * * * for the purpose of depriving, either directly

or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws * * * [and] if one or more persons * * * do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

6. § 1343. Civil rights and elective franchise

    The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

     *    *    *    *    *

    (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

    (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.