James H. O’Connor, J.
The plaintiff in the above-entitled action moves this court for a protective order under CPLR 3103 to prevent unreasonable annoyance, embarrassment and/or disadvantage to the plaintiff in the conduct of an examination of the plaintiff upon oral questions, and further for a protective order pursuant to CPLR 3122 and CPLR 3103 limiting the use of a disclosure device as to certain documents requested by the examining defendant.
The defendant cross-moves for summary judgment pursuant to CPLR 3212 dismissing the complaint on the ground that the complaint pleads no cause of action.
This court addresses itself to the cross motion of the defendant in the first instance, since a resolution of the issues raised by that motion would certainly obviate any decision in regard to a protective order.
The complaint alleges in substance that on July 31, 1968 and on October 3, 1968 (the complaint having been amended by stipulation at the examination before trial of the plaintiff to substitute October 3, 1968 instead of November 21, 1968), the plaintiff went to the Rainbow Lounge owned and operated by the defendant in the City of Syracuse, New York, where said defendant through its agents, servants and employees knowingly, willfully and unlawfully refused to give full and equal accommodation, advantages and privileges to plaintiff because of her female sex. The complaint alleges that such actions of *384 the defendant were in violation of sections 40-c, 40-e and 41 of the Civil Eights Law of the State of New York. Therefore the plaintiff claims to have suffered mental anguish and public embarrassment and thus is entitled to recover the penalty prescribed in section 40-d and section 41 of the Civil Eights Law of the State of New York for each occasion where her rights were so infringed upon.
The facts adduced at the examination before trial of the plaintiff indicate that on July 3, 1968 she could not obtain an intoxicating drink without an escort at the bar of the defendant, Eainbow Lounge, although she would have been served at a table near the bar. On October 3, 1968 a picket demonstration was held against the defendant, demanding equal status for women, after which the plaintiff approached the bar of the Eainbow Lounge and requested service. Again, she was refused. The plaintiff could not remember whether any of the defendant’s representatives suggested that she then go to a table for service. Nowhere in the examination before trial was there any indication that the plaintiff was refused accommodation of any sort other than the refusal to serve her an intoxicating beverage while unescorted at the bar.
A prior action had been commenced by the plaintiff and two others against the defendant in the Federal District Court for the Northern District of New York (288 F. Supp. 530). The plaintiffs in that action sought a judgment declaring the defendant’s refusal to serve an unescorted woman at a bar in the Eainbow Lounge ‘1 illegal, discriminatory and unconstitutional ”. The basis of the claim was the Civil Eights Act of 1964 which prohibits discrimination or segregation in places of public accommodation. (U. S. Code, tit. 42, § 2000a.) That statute reads as follows:
“ § 2000a.
Prohibition against discrimination or segregation in places of public accommodation (a) Equal access. All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privilges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.”
In interpreting the application of section 2000a of the Civil Eights Act of 1964 in its applicability to the facts before the court, the learned District Judge held that the statute did not proscribe discrimination on account of sex, for the simple reason that the statute did not say so. As the court said (p. 532): “ Even a hasty examination of the Civil Eights Act *385 of 1964 makes the fallacy of such analogy apparent. The conduct of hotels and restaurants is governed by section 201 (a) of said Act (42 U. S. C. A. § 2000(a) ). The full and equal enjoyment of public accommodations' without discrimination on account of 1 race, color, religion, or national origin ’ (emphasis added), including the right to be served at a bar, has been guaranteed by Congress. No such guarantee has been made on account of sex. This court should not gratuitously do what Congress has not seen fit to do. Mrs. Kennedy’s complaint should be addressed to Congress.”
In the instant case the plaintiff seeks to find a violation of her civil rights under the New York State Civil Rights Law, specifically sections 40-c, 40-e and 41.
Section 41 is a penalty statute which affords certain penalties for violations of sections 40, 40-a, 40-b, 42 and 43 of the Civil Rights Law. Therefore section 41 of the Civil Rights Law is not applicable to the instant case in that it refers to section 40 of the Civil Rights Law which is pertinent to the instant matter only as follows: “ § 40. Equal rights in places of public accommodation, resort or amusement. All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable to all persons. No person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any such place shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or directly or indirectly publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, color, creed or national origin, or that the patronage or custom thereat, of any person belonging to or purporting to be of any particular race, creed, color, or national origin is unwelcome, objectionable or not acceptable, desired or solicited.”
Section 40-c states as follows: “ § 40-c. Discrimination. All persons within the jurisdiction of this state shall be entitled to the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, creed, color or national origin, be subjected to any discrimination in his civil rights by any other person or by any firm, corporation or *386 institution, or by the state or any agency or subdivision of the state.”
Reading sections 40 and 40-c makes it clear that the New York State Legislature has made it discriminatory to deny any person his civil rights because of race, creed, color or national origin. Nowhere in either statute is there as much as a mention of the word “sex”. Therefore this court is constrained to hold as Judge Poet did in the case of De Crow v. Hotel Syracuse Corp. (288 F. Supp. 530) in interpreting a similar Federal statute that the plaintiffs’ complaint should be addressed to the New York State Legislature as Judge Poet addressed their complaint to the Congress of the United States.
This leaves for determination the question whether there is any violation of section 40-e of the Civil Rights Law which states as follows: “ § 40-e. Innkeepers and carriers refusing to receive guests and passengers. A person, who, either on his own account or as agent or officer of a corporation, carries on business as innkeeper, or as common carrier of passengers, and refuses, without just cause or excuse, to receive and entertain any guest, or to receive and carry any passenger, is guilty of a misdemeanor.”
Under the facts adduced at the examination before trial, it is eminently clear that on neither occasion did the defendant refuse to receive or entertain the plaintiff but simply conditioned their reception and entertainment of her by requiring that she be escorted to the bar or be seated at a table removed therefrom.
Therefore, it is this court’s decision that summary judgment be granted to the defendant dismissing the complaint pursuant to OPLR 3212 upon the ground that the plaintiff has stated and proved from her own testimony before trial that she has no cause of action within the meaning of the Civil Rights Law of the State of New York.
In view of the above it is academic even to discuss the plaintiff’s motion for a protective order since the action by this decision is dismissed and judgment granted therefor to the defendant.