## FITZPATRICK v. WILLIAMS, Criminal Sheriff, et al.

### No. 6064.

Circuit Court of Appeals, Fifth Circuit.
Jan. 10, 1931.

Hugh M. Wilkinson, of New Orleans, La. (Fred W. Oser, of New Orleans, La., on the brief), for appellant.

Purnell M. Milner and William A. Porteous, Jr., both of New Orleans, La. (Milner & Porteous, of New Orleans, La., on the brief), for appellees.

Before FOSTER and WALKER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from a judgment of the District Court of the United States for the Eastern District of Louisiana, denying the application of the appellant for a writ of habeas corpus.

Appellant was arrested by the police of the city of New Orleans on July 21, 1930, on affidavits charging him with having committed an offense in the state of Washington, and with being a fugitive from justice. The charges against him were dismissed. While the appellant was still in custody of the appellee Williams, as criminal sheriff of the parish of Orleans, the appellee the American Bonding Company intervened in the habeas corpus proceedings, alleging that it was bail on a $1,500 bail bond furnished by appellant in the state of Washington; that he had fled from that state, and intervener claimed the right to his custody for the purpose of removing him from the state of Louisiana to the state of Washington, there to surrender him, and praying for a writ of habeas corpus, directed to the criminal sheriff, ordering him to deliver appellant to the agent of the intervener, one Nichols, for that purpose. The district court denied the application of appellant, and ordered the criminal sheriff to surrender the appellant to Nichols, as agent of the intervener, and from this judgment the appeal is taken.

The single question presented by the appeal is whether or not bail has the right to pursue the principal, who has fled into a state different from that in which the offense was committed and the bail bond executed, and detain him for the purpose of taking him back to the state from which he fled, and surrendering him under his bond in that state.

The right of the surety to recapture his principal is not a matter of criminal procedure, but arises from the private undertaking implied in the furnishing of the bond. In re Von Der Ahe (C. C.) 85 F. 959. It is not a right of the state but of the surety. If the state desires to reclaim a fugitive from its justice, in another jurisdiction, it must proceed by way of extradition in default of a voluntary return. It cannot invoke the right of a surety to seize and surrender his principal, for this is a private and not a governmental remedy. It is equally true that the surety, if he has the right, is not required to resort to legal process to detain his principal for the purpose of making surrender. There is no conflict between the two

rights. Extradition can only be exercised by a government at the request of a government. Surrender by bail can be exercised only by the individual, who is bail. The remedies. are separate and distinct. As long as the principal remains within the jurisdiction, the right of bail to arrest and surrender him without process is conceded. As this right is a private one and not accomplished through governmental procedure, there would seem to be no obstacle to its exercise wherever the surety finds the principal. Needing no. process, judicial or administrative, to seize his principal, jurisdiction does not enter into the question. In re Von Der Ahe (C. C.) 85 F. 959, 960.

The Supreme Court in the case of Taylor v. Taintor, 16 Wall. 366, 371, 21 L. Ed. 287, said: "When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may . exercise their rights in person or by agent. They may pursue him into another State; may arrest him on the Sabbath; and, if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner." In that case the bail bond was executed in Connecticut, and the principal went to New York from that state; he was returned to Maine, where he had committed a previous offense, through extradition proceedings. The Supreme Court held that it was the duty of the sureties to pursue him into New York, and that they had the right there to seize him and bring him back to Connecticut to answer the bond, and failing to do so, could not resist a forfeiture of the bond. The court said: "Having permitted their principal to go to New York, it was their duty to be aware of his arrest when it occurred, and to interpose their claim to his custody. We have shown that when McGuire was arrested in New York the original imprisonment, under the information in Connecticut, was continued; that the bail had a right to seize him wherever they could find him. * * * Though beyond the jurisdiction of Connecticut, he was still through his bail in the hands of the law of that State, and held to answer there for the offence with which he was charged." Obviously this was not dictum.

The rights of a surety to seize his principal in another state entitles him to return him to the state he left and where the bond requires his presence. The right of seizure without the accompanying right of return to the state where the bail was furnished' would be without value.

In the case of Reese v. United States, 9 Wall. 13, 21, 19 L. Ed. 541, the Supreme Court said: "By the recognizance the principal is, in the theory of the law,. committed to the custody of the sureties as to jailers of his own choosing, not that he is, in point of fact, in this country at least, subjected or can be subjected by them to constant imprisonment; but he is so far placed in their power that they may at any time arrest him upon the recognizance and surrender him to the court, and, to the extent necessary to accomplish this, may restrain him of his liberty. This power of arrest can only be exercised within the territory of the United States; and there is an implied covenant on the part of the principal with his sureties, when he is admitted to bail, that he will not depart out of this territory without their assent." ·

In the case of In re Von Der Ahe, supra, the District Court for the Western District of Pennsylvania said: "Irrespective of any views this court might entertain of the question, were it new, and not affected by former decisions, we are constrained, under stress of these decisions, and particularly in view of that of the supreme court of the United States, to hold that Von Der Ahe could lawfully be arrested in the state of Missouri by his bail, and removed to Pennsylvania."

The rights of bail are not identical with those of the prosecuting government. They arise out of the relationship of principal and his bail, and are not altogether the result of subrogation to the rights of the government. "The rights and liabilities of sureties on a recognizance are in many respects different from those of sureties on ordinary bonds or commercial contracts. The former can at any time discharge themselves from liability by surrendering their principal, and they are discharged by his death. The latter can only be released by payment of the debt or performance of the act stipulated." Reese v. United States, supra. The bail can surrender his principal before the bond is forfeited, and arrest him for that purpose without process. The state cannot. The state can remove a defendant from another state only by extradition. It does not follow that the surety is under a like disability in returning

his principal to the state from which he fled, to there surrender him. The civil surety may have no rights other than those acquired by subrogation from the creditor of his principal. This is not true of bail. Bail does not acquire the right to seize and surrender the principal from the state through subrogation, since the state has no such right itself. It is an original right that arises from the relationship between the principal and his bail, and not one derived through the State.

The judgment of the district court denying the writ is affirmed.