**Daniel R. JONES, Plaintiff,**

v.

**Kent Douglas SMITH, Defendant.**

**Civ. No. 515.**

United States District Court
E. D. North Carolina,
Elizabeth City Division.

Dec. 27, 1965.

Russell E. Twiford, Elizabeth City, N. C., Louis J. Richman, of Bivins, Jacobs, Morrison & Richman, Newport News, Va., for plaintiff.

Dewey W. Wells, of LeRoy, Wells & Shaw, Elizabeth City, N. C., for defendant.

LARKINS, District Judge.

## SUMMARY

This cause comes before the Court upon defendant's motion to dismiss on the grounds that the plaintiff could not have had reasonable expectations of sus-

taining damages of an amount adequate to sustain federal diversity jurisdiction.

The case came on to be heard by consent of the parties before this Court at New Bern, North Carolina, on November 24, 1965. Jury trial was waived and it was stipulated that the cause be heard by the Court on the issue of what amount, if any, the plaintiff might be entitled to recover of the defendant, Kent Douglas Smith, the issue of negligence having been agreed upon. It was previously stipulated that a voluntary dismissal of defendant, Ethel Smith Clary, be taken by the plaintiff.

Upon the conclusion of the evidence for the plaintiff, the defendant elected to offer no evidence but made the above stated motion. Before the Court, therefore, is the motion for dismissal for want of the jurisdictional amount required in a federal diversity action; or the question of damages to which plaintiff might be entitled.

## FINDINGS OF FACT

Plaintiff was operating his automobile near Ahoskie, in Hertford County, North Carolina, on February 1, 1963. He was thereupon involved in a collision with an automobile driven by the defendant.

The collision which resulted from the negligence of the defendant (as was stipulated before trial), caused plaintiff's knees to strike the dashboard of the automobile. As a result of the blow to his knees plaintiff experienced some swelling and pain, with the greatest amount of discomfort being in the right knee. Plaintiff did not seek medical treatment on the day of the collision, February 1, 1963, nor did he seek treatment on the following day, February 2, 1963.

Taking the evidence in the light most favorable to the plaintiff, the following facts appear to be established:

(1) Plaintiff received a ten percent (10%) permanent disability to the right knee, which may cause some minor impairment to his ability to perform as a crane operator.

(2) An immediate loss of five days work which resulted in the monetary loss of $150.00 in wages.

(3) Medical expenses incurred at an amount of approximately $225.00.

(4) Plaintiff's estimated loss of earnings for the year 1963, in the amount of $500.00.

(5) Plaintiff's estimated loss of earnings for the year 1964, in the amount of $500.00. Both these estimates of loss of wages for the years 1963 and 1964 are highly speculative and unsupported by substantial evidence.

(6) Possible loss of wages in the future due to the alleged ten percent (10%) permanent disability to the knee. No estimated amount of future wages lost is submitted, nor are any substantial facts upon which a fact finder could base a judgment of future loss of wages submitted.

Actual monetary damages are, therefore, shown to be a maximum amount of $1,375.00, this maximum amount being highly speculative with special damages being shown only to the extent of $375.00.

The Court notes that no x-ray examination of plaintiff's knees has been made. Also, he was released from treatment by his physician, and discharged on May 4, 1963, having been determined "fully recovered."

## CONCLUSIONS OF LAW

■ While the sum claimed by the plaintiff controls, if the claim is based upon a reasonable expectation of a recovery of the jurisdictional amount, or is apparently made in good faith, the Court will not be dictated to by the *ad damnum* clause of a complaint. Title 28 U.S.C.A. § 1332(a).

■ Now, if from the face of the pleadings, or if from the evidence, the Court is satisfied to a legal certainty that plaintiff never was entitled to recover the jurisdictional amount, the suit should be dismissed. Fireman's Fund Ins. Co. v. Railway Express Agency, Inc., 253 F.2d 780 (6th Cir., 1958). As the Court so succinctly stated in Yetter

Homes, Inc. v. Coastal Cabinet Works, Inc., 234 F.Supp. 568, 571 (E.D.S.C. 1964),

> " * * * the determining factor in a jurisdictional question of this nature is not the amount which a plaintiff can claim in good faith, but rather it is the *amount which the plaintiff in good faith can expect to recover in each individual case."* (Emphasis supplied.)

For a case particularly appropriate to the case at hand, see Gordon v. Daigle, 230 F.Supp. 819 (W.D.La.1964). See also Petroleum Transit Co. v. Copeland, 240 F.Supp. 585 (E.D.S.C.1965).

 In the case at hand it is clear from the evidence that plaintiff could not have entertained reasonable expectations of recovering monetary damages in an amount approaching $10,000.00. The leading case of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) succinctly states the proposition concerned, as follows:

> "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed *or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."* (Emphasis added.)

 The Court may look beyond the allegations in the complaint to determine whether · the jurisdictional amount is provable to such an extent as to make a case within the requirements of the statute. Queen Ins. Co. of America v. Basham, 201 F.Supp. 733 (W.D.Tenn. 1962). The Court has done so here in arriving at the conclusion that the plaintiff was not in the "reasonable expectation of recovery" of an amount in excess of $10,000.00. See Sclarenco v. Chicago Bonding Co., 236 F. 592 (W.D.Ky.1916).

### ORDER

Therefore, it is ordered that this action be, and the same is hereby dismissed for want of federal diversity jurisdiction.