**Carol GLICKSMAN and Paul Glicksman, Plaintiffs,**

**v.**

**Sidney LAITMAN, Defendant.**

**No. 64 Civ. 1056.**

United States District Court
S. D. New York.

Jan. 4, 1968.

Marcus & Levy, New York City, for plaintiffs; John Selawsky, New York City, of counsel.

James A. Doherty, New York City, for defendant; Frank J. Taormino, of counsel.

LEVET, District Judge.

The above-entitled action is a claim by Carol Glicksman and by Paul Glicksman, her husband, which grows out of a collision of two motor vehicles. Plaintiff Carol Glicksman was operating one of these motor vehicles and the defendant, Sidney Laitman, was operating the other. The first claim in the complaint is because of injuries, etc. to the plaintiff Carol Glicksman. The second claim is that of the husband for expenses of medical services, "domestic and other necessary aid and attention" and loss of

services, etc. of the wife. The husband's claim seeks damages in the sum of $25,-000 and costs. However, paragraph 7 of the pretrial order, consent to which was signed by attorneys for the plaintiffs, was as follows:

"7. The following are all of the claims for damages or for other relief asserted by the plaintiffs in this action as of the date of this conference:

Wages lost: None

Medical and hospital expenses heretofore incurred: $240.00

Prospective estimated medical expenses: $900.00

Only two items of paragraph 7 of the pretrial order relate to the plaintiff-husband's claim, these being the medical and hospital expenses heretofore incurred, $240.00, and the prospective estimated medical expenses, $900.00. Obviously, the plaintiff-husband sustained no pain or suffering. No claim is asserted here for loss of services or allied losses and thus the total actually asserted in the pretrial order is only $1,140.00.

The court held a hearing on December 27, 1967, at which trial counsel and one of the partners of the attorneys of record for the plaintiffs appeared. The main injury to Carol Glicksman, the plaintiff-wife, was a "fracture of the nose with a resultant septal deviation and an external deformity." There was no satisfactory explanation of how the plaintiff-husband could specifically claim anything for a loss of consortium. Counsel could only state that the demand was "exaggerated."

█ Clearly, $1,140.00 is insufficient under Title 28 U.S.C.A. § 1332(a). Therefore, the court, sua sponte, raises the question of subject matter jurisdiction under Section 1332(a) of Title 28

U.S.C.A., which affords jurisdiction in civil actions only "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs * * *."

█ The husband's claim cannot be aggregated with the wife's claim. Arnold v. Troccoli, 344 F.2d 842, 843 (2nd Cir. 1965), note 1; Deutsch v. Hewes Street Realty Corporation, 359 F.2d 96, 98 (2nd Cir. 1966), note 1; Del Sesto v. Trans World Airlines, Inc., 201 F. Supp. 879 (D.R.I.1962); Rompe v. Yablon, 277 F.Supp. 662 (S.D.N.Y.1967).

█ The burden of proving the jurisdictional amount under Title 28 U.S.C.A. § 1332(a) is upon the party asserting it. F & S Construction Company v. Jensen, 337 F.2d 160, 161 (10th Cir. 1964); Jaconski v. Avisun Corporation, 359 F. 2d 931, 934 (3 Cir. 1966).

█ "Lack of good faith in making the jurisdictional allegation can exist when from the 'proofs' a court is satisfied to a legal certainty that the plaintiff never was entitled to recover the jurisdictional amount." Emland Builders, Inc. v. Shea, 359 F.2d 927, 930 (10th Cir. 1966).

█ It is clear that the plaintiff-husband does not demonstrate that in good faith he asserts or asserted damages sufficient to come under Section 1332(a) of Title 28 U.S.C.A. In fact, from the circumstances above mentioned it appears to this court that he lacked and now lacks the good faith requisite to come into this court on the claim asserted. The allegation of $25,000 damages was merely colorable, lacking in foundation, for jurisdiction purposes.

Consequently, the court, on its own motion, must dismiss this claim for lack of jurisdiction with costs against the plaintiff-husband.

So ordered.