**Willie Louis THOMAS**

v.

**John M. MILLER, John M. Miller Company, Inc., Summit Fidelity & Surety Company, Inc., Ray Trumble, and United Bonding Insurance Company.**

**Civ. A. No. 6042.**

United States District Court
E. D. Tennessee, N. D.

Feb. 1, 1968.

Robert W. Ritchie, Knoxville, Tenn., for plaintiff.

J. Anthony Brown, Knoxville, Tenn., Melvin B. Lewis, Gen. Counsel, Chicago, Ill., Wallace F. Burroughs, Ralph Longmire, Knoxville, Tenn., for John M. Miller and John M. Miller Co.

Hopkins & Hopkins, Cincinnati, Ohio, for Ray Trumble.

### OPINION

ROBERT L. TAYLOR, Chief Judge.

Willie Louis Thomas filed this action against John M. Miller, John M. Miller Company, Inc., Summit Fidelity and Surety Company, Inc., Ray Trumble and United Bonding Insurance Company to collect damages for the alleged violation of his civil rights under Title 42 U.S.C. Section 1983.

Plaintiff says that he was convicted in the Anderson County, Tennessee, Crim-

inal Court for the offense of grand larceny and sentenced to a term of three years in the state penitentiary. Following his conviction by a jury he filed a motion for a new trial which was overruled by the trial judge. He appealed to the Supreme Court of Tennessee from the order of the trial judge overruling his motion for a new trial and imposing a sentence on him of three years. Mr. Ridenour was his attorney in the Criminal Court. Mr. Ridenour advised him that he could not represent him on his appeal and he thereafter employed Attorney Gene Bell of Knoxville.

Plaintiff testified that he paid a court reporter $150.00 to write up the state record and paid Mr. Bell $500.00 to perfect the appeal.

The testimony of Mr. Bell contradicts the testimony of plaintiff in that Mr. Bell stated that he could never get the record and could never find the court reporter who purportedly transcribed it to typewriting. Mr. Bell further stated that he was promised $500.00 but received only $200.00.

The Supreme Court of Tennessee affirmed the conviction in the Anderson County Criminal Court and plaintiff was notified by Mr. Bell of the affirmance. Plaintiff stated that he knew that the Supreme Court had affirmed the sentence.

When plaintiff was first arrested he stated that the A-A Bonding Company made his first bond; thereafter John M. Miller and the John M. Miller Company made his appeal bond. The record indicates that the Summit Fidelity & Surety Company also signed as surety on the appeal bond.

The Summit Fidelity & Surety Company, as surety, was responsible for the appearance of plaintiff before the trial court on the date designated by the trial court after the procedendo from the Supreme Court of Tennessee was received by that court. Plaintiff did not appear before the trial court after his sentence was affirmed by the Supreme Court, thus he became a fugitive from justice.

The record indicates that the appeal bond was about to be forfeited after the Supreme Court affirmed the sentence of the trial court. The record further indicates that the bond was forfeited but the surety was given an opportunity to present facts in support of an application for remission. The result of the application for remission, if any was made to the bonding company, is not material to the issues in this suit.

When it became known that plaintiff was a fugitive from justice he was located by Miller in Cincinnati and taken into custody. He appeared before one of the city courts in Cincinnati and that Court fixed his bond at $1,000.00 and set the hearing on the fugitive warrant on some date in June, 1966.

Miller, knowing of the action of the Cincinnati Court, requested Trumble of the United Bonding Insurance Company to make a thousand dollar bond in order that Miller could get physical custody of plaintiff and return him to the Anderson County trial court.

Bond was made by the United Bonding Insurance Company and Miller returned plaintiff to the Criminal Court of Anderson County, Tennessee for further order of that court.

■ If plaintiff told the truth in this case he was treated roughly, if not cruelly, by Miller when he was returned by way of automobile from Cincinnati to Anderson County, Tennessee. Plaintiff stated that his legs were chained and hands handcuffed while riding in the car from Cincinnati to Anderson County. This was admitted by Miller. If plaintiff has any recourse against Miller and his company, in the opinion of the Court it would be for cruel treatment incident to his transportation from Cincinnati to Anderson County. Miller denies that he placed him on the floor of the car which plaintiff claimed.

If plaintiff has a right of action for cruel and inhuman treatment against Miller and his bonding company, it is a state court action. This Court does not have jurisdiction to adjudicate his rights

because Miller and Trumble and these bonding companies were acting by reason of a contractual relationship with him. That which was done by the defendants was not a state action.

Since the parties to this suit are not residents of different states, diversity does not exist. Plaintiff testified that he was a resident of Cincinnati, Ohio. His complaint shows that Ray Trumble is a resident of Cincinnati, Ohio, thus two of the parties to the suit are residents of the same state. This is sufficient to deprive this Court of jurisdiction unless it has jurisdiction under the Civil Rights Act which the Court has held it does not.

■ If the Court is mistaken in its view of lack of jurisdiction, it is of the opinion that Miller and the bonding company as sureties on the bond had the right to take plaintiff in custody and return him to Anderson County. See Taylor v. Taylor, 16 Wall 366, 83 U.S. 366, 371, 21 L.Ed. 287; Fitzpatrick v. Williams, 46 F.2d 40, 73 A.L.R. 1365 (C.A.5); and McCaleb v. Peerless Insurance Company, D.C., 250 F.Supp. 512, the last case being a case that is strongly relied upon by the attorney for plaintiff to support his theory of the case. See also 8 Am.Jur.2d, p. 848, and 73 A.L.R. 1370, 1371.

Counsel for plaintiff argues that the defendants violated the law when they took possession of plaintiff which prevented him from returning to the Cincinnati court on the day fixed by that court for the fugitive hearing.

It has been represented to the Court that the practice followed in this case is a custom or practice that is recognized by the Cincinnati court in which plaintiff's case was first heard. In light of subsequent events, that information appears to be accurate since a forfeiture was not taken on the bond executed for plaintiff in the Cincinnati court. If that court had felt aggrieved by the activities of the defendants, it would seem that a forfeiture would have been taken against them.

It is not deemed necessary to further lengthen this memorandum by a recitation of the evidence or further findings of fact and conclusions of law. As previously indicated, if counsel for plaintiff is correct in his contention plaintiff may have a remedy but such remedy is in a state court.

It is, therefore, ordered that the plaintiff's case be, and same hereby is, dismissed.