Andrew WILLIS, Individually and on behalf of all others similarly situated, Plaintiff,

v.

CHICAGO EXTRUDED METALS COMPANY, a corporation, and Allied Industrial Workers of America, AFL–CIO Local 717, an unincorporated association, Defendants.

No. 72 C 1400.

United States District Court, N. D. Illinois.

April 25, 1973.

Klink & Klink, Chicago, Ill., for plaintiff.

Lester Asher, Marvin Gittler, Charles J. Griffin, Gerald D. Skoning and Anthony J. Crement, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendant Chicago Extruded Metals Company's motion to dismiss the amended complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. This is an action to redress alleged deprivation of the plaintiff's civil rights pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1870, 42 U.S.C. § 1981. This Court is alleged to have jurisdiction under 42 U.S.C. § 2000e–5(f), 29 U.S.C. § 185(a), 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1985.

The plaintiff Andrew Willis is a Negro citizen of the United States residing in Chicago, Illinois. The defendants are the former employers of Andrew Willis, Chicago Extruded Metals Company ("Extruded Metals"), an Illinois corporation having its principal place of business in Chicago, Illinois, and the plaintiff's former union, Allied Industrial Workers of America, AFL–CIO, Local #717 ("Local 717"), a labor organization within the meaning of 42 U.S.C. § 2000e(d) and (e) and § 301(a) of the Labor-Management Relations Act.

The plaintiff, in his amended complaint, alleges the following facts, *inter alia*:

1. Plaintiff Andrew Willis brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class which plaintiff represents is composed of all Negroes

   (a) who were or are members of Local 717;

   (b) who will apply for membership or become members of Local 717;

   (c) who were, are, or will be represented by Local 717;

   (d) who have sought or will seek employment with Extruded Metals; and

   (e) who were or are employed by Extruded Metals.

2. The defendant Local 717 conspired with the defendant Extruded Metals to make possible racially discriminating employment practices.

3. The defendants have discriminated against Andrew Willis because of his race and color by denying him equal opportunity for employment retention and advancement. Further the defendants have prevented the plaintiff from exercising his rights under employment contracts and from receiving equal treatment under the applicable collective bargaining agreement.

4. More specifically, on or about March 19, 1971, at approximately 2:45 a. m., plaintiff Andrew Willis was working the night shift for Extruded Metals when he received a telephone call from his daughter asking him to come home as his grandchild was very sick. The plaintiff was unsuccessful in locating a foreman or supervisor in order to obtain permission to leave, so he left the plant after notifying his fellow workers of his intentions. In his haste to aid his grandchild the plaintiff forgot to "punch out". On that same day, March 19, 1971, the defendant Extruded Metals, without any hearing, fired the plaintiff Andrew Willis.

5. The plaintiff has fully complied with all procedural requirements of Title VII. A timely complaint was filed with the Equal Employment Opportunity Commission (EEOC) within 210 days of the alleged unlawful employment practices, more than sixty days after referral of the charges to the Illinois Fair Employment Practice Commission, and the instant action was filed within 30 days from the date plaintiff received notification from EEOC of his right to sue.

The plaintiff seeks damages for lost wages and additional damages in the amount of $100,000 for emotional harm, degradation and humiliation, $100,000 exemplary damages, plus the cost of maintaining the instant law suit.

The defendant Extruded Metals, in support of its motion to dismiss, contends:

1. The Court does not have jurisdiction under 42 U.S.C. § 2000e–5(f) because the plaintiff has failed to exhaust his administrative remedies.

2. The Court does not have jurisdiction under 42 U.S.C. § 1981 and 28 U.S.C. § 1343(4).

3. The complaint does not state a class suit maintainable under Rule 23 of the Federal Rules of Civil Procedure.

4. Plaintiff's action is barred by a prior proceeding, before the Nagional Labor Relations Board, in case No. 13–CA–10897.

The plaintiff contends that the instant motion is without merit.

It is the opinion of this Court that this Court has jurisdiction over the instant action, and that the defendant's motion to dismiss should be denied.

## I. THIS COURT HAS JURISDICTION UNDER 42 U.S.C. SECTION 2000e et seq.

■ It is well settled that § 706(b) of the Civil Rights Act of 1964, 42 U.S. C. § 2000e–5 requires the victim of an alleged unlawful employment practice to proceed under available state statutes and administrative remedies before a charge can be filed with the EEOC.[1]

1. Section 706(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(b) provides, in relevant part:

(b) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or

See Equal Employment Opportunity Commission v. Union Bank, 408 F.2d 867 (9th Cir. 1969); Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S.Ct. 836, 19 L. Ed.2d 880 (1968); Abshire v. Chicago and Eastern Illinois Railroad Company, 352 F.Supp. 601 (N.D.Ill.1972). Illinois, the situs of the alleged discrimination, has a Fair Employment Practices Act and a Fair Employment Practices Commission. See Ill.Rev.Stat. ch. 48 § 851 et seq. The plaintiff has represented to this Court that the EEOC, on November 8, 1971, filed charges with the Illinois Fair Employment Practices Commission on his behalf, and that the State Commission returned the complaint to the EEOC, because of the State Commission's overloaded docket.[2]

The jurisdictional requirements of the statute are fulfilled when, as in the instant case, a charge is filed with the EEOC prior to exhaustion of the state remedy, is referred by EEOC to the state agency, and then is formally filed after the state agency has indicated that it would decline to take action. Love v. The Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Such a filing procedure as in the instant action fully complies with the intent of the Act. Nothing in the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. suggests a reason why further action by the aggrieved party should be required. Such a filing procedure complies with the purpose both of § 706(b), to give state agencies a prior opportunity to consider discrimination complaints, and of § 706(d), to ensure prompt filing and handling of those complaints. Further, highly technical filing procedures are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.

There is no doubt that the Court has jurisdiction over the alleged violation of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 2000e–5(b), (d) and (f).

II. THE PLAINTIFF'S AMENDED COMPLAINT PROPERLY STATES A CAUSE OF ACTION UNDER THE CIVIL RIGHTS ACT OF 1870, 42 U.S.C. § 1981.

Contrary to the contention of the defendant the Civil Rights Act of 1964 was never intended to pre-empt or create a jurisdictional barrier to any action brought under the Civil Rights Act of 1870, 42 U.S.C. § 1981. Brady v. Bristol-Meyers, Inc., 459 F.2d 621 (8th Cir. 1972); Young v. International Telephone and Telegraph Co., 438 F.2d 757 (3rd Cir. 1971); Caldwell v. National Brewing Company, 443 F.2d 1044 (5th Cir. 1971).

In order for a plaintiff to predicate an action on Section 1981, he must allege that he has been deprived of a right, which under similar circumstances, would have been accorded to a person of a different race. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); United

---

seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated. . . . .

2. The actions of the EEOC is consistent with its policy and regulation § 1601.12, 29 C.F.R. 12 (F.R.Doc. 68–13553 effective November 7, 1968) which provides in relevant part: ·

The aggrieved party shall be notified in writing, that the document which he sent to the Commission has been forwarded to the state or local agency pursuant to the provisions of § 706(b), and that unless the Commission is notified to the contrary, on the termination of state or local proceedings, or after 60 days have passed, which ever comes first, the Commission will consider the charge to be filed with the Commission and commence processing the case.

States v. Cruikshank, 92 U.S. 542, 23 L. Ed. 588 (1875); Agnew v. Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied, 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); Schetter v. Heim, 300 F.Supp. 1070 (E.D.Wis.1969). The plaintiff in the amended complaint, has properly stated a cause of action under 42 U.S.C. § 1981.

Contrary to the defendant's contention the plaintiff does not have to exhaust his administrative remedies before he can bring an action under 42 U.S.C. § 1981. Logan v. General Fireproofing Co., 309 F.Supp. 1096 (W.D.N.C.1969). This Court does have jurisdiction over the alleged violation of the Civil Rights Act of 1870 pursuant to 42 U.S.C. §§ 1981 and 1985 and 28 U.S.C. § 1343.

III. THE PRIOR ADVERSE RULING OF THE NATIONAL LABOR RELATIONS BOARD DOES NOT HAVE THE EFFECT OF COLLATERAL ESTOPPEL OR RES JUDICATA ON THE INSTANT ACTION.

The defendants contend that the prior determination by the National Labor Relations Board's (NLRB) Regional Director that there was insufficient evidence to show racial discrimination is a bar to the instant action. It is well settled that a prior adverse decision by the NLRB does not, under the doctrine of either collateral estoppel or res judicata, preclude an employee from subsequently asserting, via an action under the Civil Rights Act of 1870 and/or 1964, that he had been discharged because of racial prejudice. Tipler v. E. I. du Pont de Nemours and Co., 443 F.2d 125 (6th Cir. 1971). Thus, the decision of the Regional Director to refuse to issue a complaint in the plaintiff's case is not a bar to the instant action.

The instant motion to dismiss does not offer the most desirable opportunity for this Court to make an adequate evaluation of the propriety of the class action. A more intelligent appraisal of whether to permit a class action can be made after pre-trial discovery of matters which are crucial to the determination of the class action. Thus, the final determination of a class must wait until the parties are better equipped to support their respective positions.

Accordingly, it is hereby ordered that the defendant's motion to dismiss the complaint is denied.