**Richard EASLEY, Plaintiff,**

v.

**Ira BLOSSOM et al., Defendants.**

**No. WPB-75-41-Civ-CF.**

United States District Court,
S. D. Florida.

May 24, 1975.

Richard Easley, pro se.

Warren H. Dawson, Tampa, Fla., for Ira Blossom.

R. G. Ross of Pitts, Eubanks, Ross & Rumberger, P. A., Orlando, Fla., for Hank Snow.

### ORDER

FULTON, Chief Judge.

Plaintiff has brought this civil rights action against three bailbondsmen who were licensed by the State of Florida at the time of the alleged violation of plaintiff's rights. After posting bond for plaintiff's release from custody prior to trial, plaintiff alleges that defendants Blossom and Frierson told him they would withdraw the bond unless plaintiff loaned them $9,700.00. Plaintiff alleges he loaned the requested sum and that it has never been repaid. At the time defendants Blossom and Frierson were allegedly working for defendant Snow who the plaintiff claims is vicariously liable. According to the complaint defendants entered into a conspiracy to violate plaintiff's civil rights and deprive him of the $9,700.00. Jurisdiction is alleged under 42 U.S.C. §§ 1981, 1983, and 1985, 28 U.S.C. § 1343, and the Fourteenth Amendment of the United States Constitution.

Section 1981 of Title 42 of the United States Code provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ..

"In order for a plaintiff to predicate an action on Section 1981, he must allege that he has been deprived of a right, which under similar circumstances, would have been accorded to a person of a different race." Willis v. Chicago Extruded Metals Co., 358 F.Supp. 848, 851 (N.D.Ill.1973). Since this statute is limited to actions involving racial discrimination, an absence of an allegation of racial discrimination is fatal to a cause of action brought under § 1981. Olson v. Rembrandt Printing Co., 375 F.Supp. 413, 417 (E.D.Mo.1974). Since the complaint contains no allegation of discrimination on the basis of race, plaintiff makes no claim upon which relief may be granted under 42 U.S.C. § 1981.

Section 1983 of Title 42 of the United States Code provides:

Every person who, under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution . . . shall be liable to the party injured . . ..

Section 1985(3) of Title 42 of the United States Code provides:

If two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages . . ..

Essential to any suit under these statutes is the element of state action. Curtis v. Peerless Insurance Co., 299 F.Supp. 429, 434 (D.Minn.1969). The acts complained of must have been done under color of state law. The activities of bondsmen are subject to state regulation. Nevertheless, two different courts have recently held that actions by bondsmen are not state action and do not support a claim under § 1983 or § 1985. Curtis v. Peerless Insurance Co., 299 F.Supp. 429, 434 (D.Minn.1969) (action for false imprisonment); Thomas v. Miller, 282 F.Supp. 571, 572 (E.D.Tenn.1968) (action for cruel treatment).

The Fourteenth Amendment of the United States Constitution provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Thus to establish a claim based upon the Fourteenth Amendment, state action is also required. *See* Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

Section 1343 of Title 28 of the U.S.Code is merely a jurisdictional statute, and can not itself be a basis for a cause of action. Since there is no allegation of discrimination on the basis of race in the complaint, and since there is

no state action, plaintiff has failed to state a claim upon which relief may be granted under any of the grounds asserted. Thereupon, it is

Ordered and adjudged that this cause is hereby dismissed.