## BEDDINGS v. GREAT EASTERN STAGES, Inc.
### No. 475.

District Court, E. D. Illinois.
April 16, 1934.

Wm. M. Acton, of Danville, Ill., for plaintiff.

Walter T. Gunn, of Danville, Ill., for defendant.

LINDLEY, District Judge.

Plaintiff filed suit in the circuit court of Kankakee county, Ill., to recover damages for personal injuries in the sum of $10,000. Defendant, upon showing of diverse citizenship, caused the suit to be removed to this court and filed its plea.

Plaintiff now moves orally to amend his declaration by reducing the amount of the ad damnum to less than the jurisdictional amount of the federal court and, upon such amendment being allowed, to remand the cause to the state court. In this connection plaintiff relies upon section 37 of the Judicial Code, Title 28 USCA § 80, in which it is provided that if in any suit it shall appear to the satisfaction of the district court at any time after suit has been brought or removed such suit does not really and substantially involve a dispute or controversy within the jurisdiction of the court, the district court shall proceed no further but shall dismiss the suit or remand it.

The Supreme Court of the United States, in Barry v. Edmunds, 116 U. S. 550, 6 S. Ct. 501, 29 L. Ed. 729, points out that before the trial court may dismiss or remand a suit, as the case may be, the court must find, as matter of fact, from evidence submitted, that the damages as alleged in the declaration are colorably asserted and that the sum demanded is not in fact of jurisdictional amount. There the action was for malicious and willful trespass and the damages were alleged to be in excess of the jurisdictional amount. Upon argument of a demurrer to a special plea, the trial court said that it was of the opinion that the suit did not really involve the jurisdictional amount. The Supreme Court reversed, saying that inasmuch as there was no fact or finding in the record that the damages were really less than the jurisdictional amount, the action of the court in dismissing the suit was erroneous.

As I understand this decision, it establishes clearly the rule that the court is powerless to remand the cause under section 37 unless it is established by evidence of record that the allegation of jurisdictional amount is colorable and false, and that in the absence of evidence, from which it can make a finding to a legal certainty that the jurisdictional amount is not involved, the court may not rightfully remand, but must accept as true the averments that the amount involved is in excess of the required jurisdictional amount.

Thus in Put-In-Bay Waterworks, Light & Railway Co. v. Ryan, 181 U. S. 409, 21 S. Ct. 709, 718, 45 L. Ed. 927, wherein the defendant filed affidavits alleging that the amount involved was less than the jurisdictional amount, the Supreme Court held that this was not sufficient basis for dismissal. The court said:

"Jurisdiction did not fail by reason of anything that appeared in ex parte affidavits filed on behalf of the defendant company, denying the truth of the allegations contained in the original bill in respect to the amount in dispute."

If ex parte affidavits are not sufficient evidence upon which to base a finding that the jurisdictional amount is not involved,

surely an oral motion for leave to amend plaintiff's declaration does not justify any finding to a legal certainty that the amount involved is less than $3,000.

■ Thus it has been held that a reduction of the amount involved, when made subsequent to removal, will not justify a remand. Kanouse v. Martin, 15 How. 198, 208, 14 L. Ed. 660; Foster Federal Practice (6th Ed.) vol. 3, p. 3066, and cases there cited.

In Bernheim v. Louisville Property Co. (D. C.) 221 F. 273, at page 277, the court said:

"After the filing of the petition for the removal of the action to this court, the plaintiff filed in the state court a second amended petition; but that phase of the case may be disregarded, upon the authority of many cases, besides that of Graves v. Corbin, 132 U. S. at page 585, 10 S. Ct. 196, at page 200, 33 L. Ed. 462, where it was said that 'the case as made by the bill and as it stood at the time of the petition for removal, is the test of the right to removal.' "

The cases cited by plaintiff have to do with instances where the record disclosed beyond question a proved fact that the jurisdictional amount was not involved. That fact not having been established in the present situation, the court is powerless to allow the motion and same is denied. An exception will be allowed.