**P. H. GLATFELTER COMPANY, Spring Grove, Pa., Plaintiff,**

v.

**THOMAS A. GALANTE & SONS, INC., Mechanicsville, N. Y., Defendant.**

**Civ. No. 9939.**

United States District Court
N. D. New York.

Jan. 7, 1964.

Daniel J. Cirando, Syracuse, N. Y., for plaintiff.

Goldwater & Flynn, New York City, for defendant.

PORT, District Judge.

This is a diversity action in which the complaint "demands judgment against the defendant in the sum of $10,000.00 Dollars, with interest from December 26, 1961, together with the costs and disbursements of this action."

Defendant has moved "to dismiss this action on the ground that the Court lacks jurisdiction because the amount in controversy is less than $10,000.00 exclusive of interest and costs, or in lieu thereof, to strike the Note of Issue on the ground that defendant has not had sufficient opportunity to complete pretrial procedures."

The action is to recover the balance alleged to be due upon the sale and delivery of machinery and equipment.

The parties have submitted copious and voluminous affidavits and exhibits on the question of the amount in controversy.

It is undisputed that a deposit of $10,000.00 was made to apply on the agreed purchase price of $20,000.00 The defendant claims that the $10,000.00 balance due on the purchase price should be reduced by the amount of a freight bill in the sum of $885.69, thereby reducing the amount in controversy to $9,114.31.

In view of the disposition made herein, it is not necessary to decide whether the

maximum amount in controversy is $9,-114.31 or $10,000.00. However, if it were necessary, this court would find the former.

■ It appears to a legal certainty that in no event can the plaintiff recover more than $10,000.00. Accordingly, the defendant's motion to dismiss for lack of jurisdiction should be granted. Payne v. State Farm Mutual Automobile Insurance Co., 5 Cir., 266 F.2d 63 (1959).

The Judiciary Act of 1789 and all amendments to date, in fixing the jurisdictional amount in diversity actions, speak in terms of the matter in controversy exceeding a sum ranging from $500.00 to $10,000.00. See Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., D.C., 166 F.Supp. 319 (1958).

■ The burden of establishing the jurisdictional facts is on the plaintiff and they must be alleged in the complaint. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The allegations in the plaintiff's complaint, "That on or about December 26th, 1961, the balance of $10,000.00 Dollars became due to the plaintiff, which sum of $10,000.00 Dollars was duly demanded by the plaintiff, but remains unpaid.", and the demand for judgment "against the defendant in the sum of $10,000.00 Dollars, with interest from December 26th, 1961," fall short of fulfilling the plaintiff's obligation.

This court has jurisdiction in a diversity action "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." 28 U.S.C.A. § 1332.

■ This is construed literally. It does not mean an even $10,000.00. Payne v. State Farm Mutual Automobile Insurance Co., supra.

It is ordered that the defendant's motion to dismiss the complaint on the ground that the court lacks jurisdiction be and the same hereby is granted, and it is

Further ordered that the complaint be and the same hereby is dismissed.