**Rita DONATO and Philip Donato,
Plaintiffs,**

**v.**

**Neil PARILLO, Defendant.**

**No. 64 Civ. 307.**

United States District Court
S. D. New York.

Dec. 26, 1967.

Isaacson, Robustelli & Fox, New York City, Marvin H. Jasper, New York City, of counsel, for plaintiff.

Gordich & Cohen, Jamaica, N. Y.; Emil Totura, Jamaica, N. Y., of counsel, for defendant.

LEVET, District Judge.

The above action, allegedly based upon diversity of citizenship of plaintiffs and defendant, grows out of a collision of an automobile owned by plaintiff, Rita Donato, operated by her husband, Philip Donato, with an automobile owned by the defendant, Neil Parillo.

Although paragraph SECOND of the complaint alleges: "The matter in controversy, exclusive of costs and interest, exceeds the sum of $10,000.00," the cause of action alleged by plaintiff Philip Donato alleges his damage as "the sum of TEN THOUSAND ($10,000.00) DOLLARS" (paragraph SIXTEENTH of complaint).

The court, sua sponte, raises the question of subject matter jurisdiction under Section 1332(a) of Title 28 U.S.C.A., which clearly affords jurisdiction in civil actions only "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs * * *."

Paragraph 7 of the pretrial order, consented to by plaintiffs' attorneys, is as follows:

"7. The following are all of the claims for damages or for other relief asserted by the plaintiffs in this action, as of the date of this conference:

Wages lost NONE

Future lost wages: $none [sic]

Future medical and hospital expenses expected to be incurred: $250.-00

Medical and hospital expenses heretofore incurred: $1351.50

Pain and suffering: $70,000.00

Property damage: $486.65

Household help: $450.00"

Since the husband's action includes no claim for any injuries suffered by him, the only amounts in said paragraph 7 of the pretrail order which he claimed are:

(1) future medical and hospital expenses expected to be incurred ....................................... $  250.00
(2) medical and hospital expenses heretofore incurred ..... 1,351.50
(3) household help .................................. 450.00

TOTAL ............$2,051.50

The burden of proving jurisdiction in the federal courts is upon the plaintiff. See McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); F & S Construction Company v. Jensen, 337 F.2d 160, 161 (10th Cir. 1964); Jaconski v. Avisun Corporation, 359 F.2d 931, 934 (3 Cir. 1966).

The requirements of Title 28 U.S.C.A. § 1332(a) are not met by the statement in the damage claim of the plaintiff-husband. Section 1332(a) must be construed literally and does not mean an even $10,000. See P. H. Glatfelter Company v. Thomas A. Galante & Sons, Inc., 236 F.Supp. 1022 (N.D.N.Y.1964).

The plaintiffs in this case are not permitted to aggregate their claims. Arnold v. Troccoli, 344 F.2d 842, 843

(2nd Cir. 1965); Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95 (2nd Cir.), cert. denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941) and Rompe v. Yablon, opinion dated November 22, 1967, 277 F.Supp. 662 (S.D.N.Y.1967).

Even if the pleading could be deemed to be a claim in excess of $10,000 exclusive of interest and costs, it is evident from the pretrial order (consent to which was signed by plaintiffs' counsel) that under no circumstances can there be a recovery of more than $2,051.50 on the husband's action.

From the above it is certain that the plaintiff-husband, Philip Donato, does not allege facts sufficient to constitute jurisdiction. I find that in good faith he never could prove the requisite amount to justify jurisdiction in this

court and that this inadequacy existed at the commencement of the action.

Accordingly, the complaint of the plaintiff-husband, Philip Donato, must be and hereby is dismissed with costs.

So ordered.