Edward C. ALKER, Plaintiff,

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

Civ. A. No. 14023.

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 12, 1968.

Milton W. Janssen, New Orleans, La., for plaintiff.

Carl J. Schumacher, Jr., New Orleans, La., for defendant.

RUBIN, District Judge:

Jurisdiction of this case is based on diversity of citizenship. The statute [1] conferring jurisdiction requires that the amount in controversy exceed $10,000. The defendant challenges the existence of jurisdiction.

The damages alleged are a mild strain of the variety known as a whiplash, resulting in "a painful injury to his neck whereby he was incapacitated for a week and one-half and suffering pain intermittently for a minimum of six months thereafter." The plaintiff sues for $10,-000 for personal injury and $175 in property damage consisting of a broken wrist watch and torn clothing.

Jurisdiction cannot be determined by looking solely to what a plaintiff asks for. If this were the rule, the re-

1. 28 U.S.C.A. § 1332.

quirement of jurisdictional amount would be meaningless, and a plaintiff might create the requisite amount simply by setting down arbitrary figures in the complaint. "In short, the Court should not entertain the suit if the claim for the jurisdictional amount is entirely without merit * * *." Wright, Federal Courts § 33, p. 93.

When the existence of the requisite jurisdictional amount is put at issue, the burden is on the plaintiff to satisfy the Court that there is a controversy over which the Court has jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. See also Wright, Federal Courts § 33, p. 94; 1 Barron & Holtzoff (Wright ed.) § 24 at N. 50.2; and 1 Moore's Federal Practice ¶0.92[3.–1], p. 839.

In actions for money damages the amount in controversy is the amount claimed by the plaintiff in good faith. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. In tort actions, the amount of damages claimed by the plaintiff is normally the basis for determining jurisdiction. Wiley v. Sinkler, 1900, 179 U.S. 58, 21 S.Ct. 17, 45 L.Ed. 84; and other cases cited in 1 Moore's Federal Practice ¶0.93[3], p. 849. But if it is clear that the claim is not in good faith but is merely colorable, jurisdiction should be declined even in personal injury cases. Arnold v. Troccoli, 2 Cir., 1965, 344 F.2d 842; Brown v. Bodak, S.D.N.Y.1960, 188 F.Supp. 532. See also Leehans v. American Employers Insurance Company, 5 Cir., 1959, 273 F.2d 72.

The method of determining whether the required amount in controversy is involved is left to the discretion of the trial court. Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111. The party asserting jurisdiction may offer oral testimony, affidavits, depositions and other evidence. Land v. Dollar, 1947, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209, and cases cited therein in note 4. See also 1 Moore's Federal Practice ¶0.92[4], p. 842; Wright, Federal Courts § 33, p. 94.

In the present case, after hearing argument on the motion to dismiss on January 31, 1968, the Court granted the plaintiff one week within which to file an affidavit, deposition, or some other proof of the good faith nature of his claim. He has not done so. He has therefore failed to sustain the burden of proof, and the motion for summary judgment is

Granted.