Jerry **ELFAND**, an infant, by his Guardian, Terry Elfand, Terry Elfand, Individually, Samuel Elfand, Howard Elfand and Theodore Russak, Plaintiffs,

v.

Roland **WIDMAN**, Schenck Transportation Co., Inc. and Alfred J. Braida, Defendants.

No. 64 Civil 3721.

United States District Court
S. D. New York.

May 16, 1968.

Marcus & Levy, New York City, for plaintiffs, John Selawsky, New York City, of counsel.

W. Royden Klein, Smithtown, for defendants Roland Widman and Schenck Transportation Co., James E. Birdsall, New York City, of counsel.

Edward A. Harmon, New York City, for defendant, Alfred J. Braida.

## OPINION

LEVET, District Judge.

This is a diversity case involving claims for personal injuries and damage to an automobile allegedly received in an accident which occurred on February 23, 1964. Defendants have moved to dismiss the claims of all five plaintiffs for failure to satisfy the $10,000 jurisdictional requirement of 28 U.S.C.A. § 1332(a). At a pretrial hearing held April 4, 1968, this court dismissed the claims of Terry Elfand and Samuel Elfand after their counsel conceded that the claims of these two plaintiffs were jurisdictionally insufficient. Decision on the motion was reserved as to the other three plaintiffs.

The burden of proving the jurisdictional amount under 28 U.S.C.A. § 1332(a) is upon the party asserting it. F & S Construction Company v. Jensen, 337 F.2d 160, 161 (10th Cir. 1964); Jaconski v. Avisun Corporation, 359 F.2d 931, 934 (3rd Cir. 1966); see also McNutt v. General Motors Acceptance Corp. etc., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

While the court is bound not to dismiss a claim unless it is convinced to a legal certainty that the plaintiff could not recover more than $10,000, it must also appear that the claim was made in good faith and was not merely colorable for purposes of jurisdiction. Arnold

v. Troccoli, 344 F.2d 842 (2nd Cir. 1965); Donato v. Parillo, 278 F.Supp. 892 (S.D.N.Y.1967); Glicksman v. Laitman, 279 F.Supp. 425 (S.D.N.Y.1968). "Lack of good faith in making the jurisdictional allegation can exist when from the 'proofs' a court is satisfied to a legal certainty that the plaintiff never was entitled to recover the jurisdictional amount." Emland Builders, Inc. v. Shea, 359 F.2d 927, 930 (10th Cir. 1966).

The manner of determining whether the requirements of Section 1332 have been met lies in the discretion of the trial court. Alker v. Insurance Co. of North America, 279 F.Supp. 902 (E.D.La.1968). In response to this court's request for recent medical reports as to the present condition of each plaintiff, counsel submitted only reports contemporaneous with the accident. I have, therefore, relied on those reports[1], as well as upon the pleadings, the pretrial order, the pretrial memoranda, etc., in deciding this motion.

### I.

### JERRY ELFAND

The complaint (par. 10) demands judgment for $25,000 plus costs for Jerry Elfand, formerly an infant, now of age. Jerry Elfand's claims in the pretrial order (p. 6, par. 7) were stated to be pain and suffering. Medical services at $134 were mentioned but this general claim was set forth in the claim of Terry and Samuel Elfand and hence may not be considered here, and counsel so conceded (hearing, p. 6). Thus, pain and suffering was the only item actually claimed and this was set at $10,000 (pretrial order, p. 6, par. 7). The pretrial memorandum of plaintiffs is virtually no more extensive as to Jerry Elfand's damage claims than the pretrial order.

In a report dated June 29, 1964, Dr. Harry L. Golish stated that he first saw Jerry Elfand on February 24, 1964 and that he discharged him on April 20, 1964, after a course of physical therapy.

---

1. The medical reports and the correspondence between the court and counsel for plaintiffs have been filed as part of the record in this action.

X-rays showed that there had been no fracture. It was Dr. Golish's opinion that Jerry Elfand had suffered a cervical sprain and strain and a sprain of the lower back musculature. The doctor gave no indication that such an injury would have permanent effects.

■■■■ This claim of Jerry Elfand must be dismissed for two reasons. In the first place, the requirements of 28 U.S.C.A. § 1332(a) are not met by the statement in the damage claim of the pretrial order. Section 1332(a) must be construed literally and does not mean an even $10,000. See P. H. Glatfelter Company v. Thomas A. Galante & Sons, Inc., 236 F.Supp. 1022 (N.D.N.Y.1964). But in any event, it is clear that Jerry Elfand does not demonstrate that in good faith he asserts or asserted damages sufficient to come under Section 1332(a) of Title 28 U.S.C.A. In fact, from the circumstances above mentioned it appears to this court that he lacked and now lacks the good faith requisite to come into this court on the claim asserted. The original claim of $25,000 was merely colorable for jurisdictional purposes. The reduced claim of $10,000 in the pretrial order was the same. I am convinced that Jerry Elfand could never have recovered even $10,000. He has failed to discharge his burden of proving compliance with Section 1332 and, therefore, his claim must be dismissed.

## II.

### HOWARD ELFAND

This claimant also sought $25,000 plus costs at the outset (complaint, par. 22) and then reduced his claim in the pretrial order to $10,000 for pain and suffering, in addition to $130.00 for medical expenses.

In the pretrial order Howard Elfand's injuries were asserted to be as follows: " * * * The plaintiff, Howard Elfand,

had permanent injuries involving injury to the cervical spine, contusion of the anterior chest wall and lumbo sacral sprain and still has complaints relating to the neck and back areas." Dr. Golish, in a report dated March 20, 1964, stated that Howard Elfand had suffered a whiplash type injury as well as a lumbo-sacral sprain and strain and a contusion of the anterior chest wall. X-rays showed no evidence of fracture. Dr. Golish was unable to give any prognosis, however, since Howard Elfand entered the Military Service after two visits to Dr. Golish.

■■■■ From the above, I am convinced that this claim, too, is colorable and that Howard Elfand could never recover a verdict in excess of $10,000. There is nothing to indicate any permanent injury. Howard Elfand's entry into Military Service casts great doubt upon the credibility of that contention. Neither has he offered any proof which would indicate $10,000 worth of suffering from such an injury. Hence, this claim must also be dismissed.

## III.

### THEODORE RUSSAK

Theodore Russak, like Jerry and Howard Elfand, originally claimed $25,000 plus costs in his complaint (par. 32). Like them, he also reduced his claim in the pretrial order to $10,000[2] for pain and suffering, in addition to the amount of $162.00 for medical expenses.

In the pretrial order, Russak stated his claim as follows: "The plaintiff, Theodore Russak, had permanent injuries involving the cervical spine and a sprain of the musculature of the dorsum of the chest and still has complaints with respect to the cervical spine area." (pp. 3–4) Dr. Golish, in a report dated March 23, 1964, stated that Russak had suffered a whiplash type injury as well as a sprain of some chest muscles. After some therapy, he discharged Russak on

---

2. The fact that all three claims were originally for $25,000 and were all reduced to $10,000 for pain and suffering is sure-

ly more than mere coincidence, thus giving further weight to the conclusion that all are colorable.

March 17, 1964, barely three weeks after the accident. The doctor made no mention of any permanent injury and X-rays revealed no fracture.

 Russak's contentions are the least believable of the three. There is nothing at all to indicate permanent injury. There is little, if anything, to show substantial pain and suffering. Any finding that Theodore Russak had suffered to the extent of $10,000 would have to be based entirely on speculation. Thus, this claim must also be dismissed, for I am convinced that Theodore Russak could not properly recover even $10,000.

## CONCLUSION

All claims of plaintiffs are dismissed for failure to satisfy the monetary jurisdictional requirements of 28 U.S.C. § 1332.

So ordered.