**Isidro RAMIREZ and Maria Ramirez, Plaintiffs,**

v.

**Ralph A. KNOX and Stanley G. Victor, Defendants.**

**No. 66 Civ. 2548.**

United States District Court, S. D. New York.

March 10, 1971.

Philip M. Kovitz, New York City, for plaintiffs.

Leahey & Johnson, New York City, for defendants.

## MEMORANDUM

LASKER, District Judge.

This is an action for damages and loss of services following an accident in which Isidro Ramirez, then a minor of unspecified age, was struck by an automobile while crossing a street. Defendant Knox is alleged to be the driver of the vehicle and Victor the owner.

Jurisdiction is based on diversity of citizenship among the parties, 28 U.S.C.A. § 1332. While it appears that diversity may exist, this action must nonetheless be dismissed for failure to establish the jurisdictional requirement of damages in excess of $10,000 required under 28 U.S.C.A. § 1332(a). It should be noted, additionally, that the papers fail to establish whether the venue provisions of 28 U.S.C.A. § 1391(a) have been complied with.

The case is presently before the court for approval of pre-trial orders prepared by plaintiffs following hearings before the pre-trial examiner. In the pre-trial order submitted by plaintiffs pursuant to Rule 61 of the Federal Rules of Civil Procedure and General Rules 6 and 13 of this court the claims for damages and other relief asserted by the plaintiffs are as follows:

"Future medical and hospital expenses expected to be incurred, approximately $100.00; medical and hospital expenses heretofore incurred, approximately $250.00 and $300.00; pain and suffering, $10,000.00."

At the request of the court, Philip M. Kovitz, Esq., counsel for plaintiffs, set forth the basis for these claims in an affidavit sworn to November 9, 1970. There he stated:

"The injuries, according to my information, are: injury and contusion of the left arm, fracture; also, nerve, tissue and tendonal injuries; the precise diagnosis is not available at the present time. The infant incurred some $159.59 in hospital expenses."

The plaintiffs allege that these injuries were the result of Isidro being struck by defendant Knox on May 14, 1966. Isidro's mother sues for loss of her son's services and to recover her payments for his hospital expenses at Elmhurst General Hospital. The juris-

dictional defects in the claims of both plaintiffs are the following:

### a. *Claims of Maria Ramirez*

 Claims may not be aggregated in order to meet the jurisdictional amount required where those claims are separate and distinct and held by different parties. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). While such claims might conceivably be allowed under this court's ancillary jurisdiction if the principal plaintiff's claims established a basis for the damages claimed in excess of the jurisdictional amount, that is not the case here. See Manufacturers Casualty Insurance Co. v. Coker, 219 F.2d 631 (4th Cir. 1955).

Accordingly the claims of Maria Ramirez are dismissed, their maximum being a few hundred dollars.

### b. *Claims of Isidro Ramirez*

The burden of establishing the jurisdictional amount is upon the plaintiff. McNutt v. G. M. Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Elfand v. Widman, 284 F.Supp. 498 (S.D.N.Y.1968). This jurisdictional amount is to be strictly construed. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934); Snyder v. Harris, supra, 339–340, 89 S.Ct. 1053. If this court is satisfied that as a matter of law the plaintiff could never recover the amount claimed, and that such an amount is colorable and without basis in the facts alleged, the court must dismiss the action. Elfand v. Widman, supra; Oxman v. Hellene Pessl Inc., 279 F.Supp. 65 (S.D.N.Y.1968); cf., also, Judge Wyzanski's summary dismissal where "discomfort and pain" were alleged without basis to exceed $10,000. Mintz v. DeBiase, 236 F.Supp. 654 (D. Mass.1964). In accord is Ogden v. Cox, 294 F.Supp. 810 (N.D.Ga.1968), where at 812 the court stated:

> "Where pain and suffering are alleged in an action for damages, the court need not accept the jurisdictional amount as alleged. Turner v. Wilson Line of Massachusetts, 242 F.2d 414 (1st Cir., 1957)."

Here, even after notice of possible failure to establish the jurisdictional amount, the plaintiffs have failed to adduce facts to support their claims that Isidro suffered pain and suffering to the amount of $10,000. Indeed, the limited hospital costs and injuries indicate the exaggerated nature of the allegation as to pain and suffering.

Accordingly, this action is dismissed for lack of jurisdiction under Rule 12(b), F.R.Civ.P. Dismissal by this court does not, of course, prevent plaintiffs from instituting an action in a state court of competent jurisdiction if they proceed timely under New York CPLR § 205.

It is so ordered.