JOINT SCHOOL DISTRICT NUMBER ONE OF the VILLAGES OF MENOMONEE FALLS, BUTLER AND LANNON, WAUKESHA COUNTY, WISCONSIN, a Municipal Corporation, Plaintiff,

v.

JOS. P. JANSEN CO., Inc. and Owens-Corning Corp., Defendants.

No. 71-C-52.

United States District Court,
E. D. Wisconsin.

April 14, 1971.

McLario, Bernoski & Koener, by Ronald G. Bernoski, Menomonee Falls, Wis., for plaintiff.

Michael, Best & Friedrich, by Kenneth K. Luce, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This action was begun in a state court and removed to this court upon the petition of the defendant Owens-Corning Fiberglas Corp. The plaintiff since has moved to remand this action to the state court and argues that removal was improper because of lack of diversity of citizenship.

In general, the opening portion of the complaint alleges that the plaintiff and the Jos. P. Jansen Co. entered into a contract which provided that Jansen, as prime contractor, was to construct an addition to the Menomonee Falls high school. The complaint further alleges that Jansen broke the contract by improperly installing the roof on the addition.

In what the complaint calls second and third "separate cause[s] of action," it is asserted that Owens-Corning entered into a contract with a roofing subcontractor under which Owens-Corning was to provide roofing materials and supplies; this contract, the complaint states, contained a 20-year guarantee which runs in favor of the plaintiff and which provides that the materials sold by Owens-Corning will, for that period, "resist the ordinary wear and tear of the elements and * * * the adverse effects of expansion and contraction of the roof deck." The plaintiff contends that the guarantee has been violated in that the roof is "blistering, bulging, wrinkling, cracking and splitting," and that Owens-Corning has refused "to remedy the defects and breach of warranty."

The plaintiff and the Jos. P. Jansen Co. are Wisconsin corporations and citizens; Owens-Corning is a Delaware corporation, with its principal place of business in Toledo, Ohio. Because the plaintiff's complaint is couched in terms of "separate and independent claims or causes of action against defendant Jansen and defendant Owens-Corning," Owens-Corning argues that it comes within the provisions of 28 U.S.C. § 1441 (c) and that this action was properly removed.

Section 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In my opinion, removal of the present action was proper. While the question is a close one, it appears that the plaintiff's claims against the two defendants are, indeed, "separate and independent" ones which could be "sued upon alone." The plaintiff's claim against Owens-Corning is removable to this court, and under § 1441(c), the claim against Jansen, although otherwise non-removable, may remain in the federal court for determination.

American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), is a leading case interpreting § 1441(c). There, the plaintiff brought an action in a state court against two out-of-state insurance companies and their agent; three claims for loss by fire were stated in the alternative, with the third claim asserting that the insurers were jointly and severally liable because of the conduct of the agent. The court found that no "separate and independent" claims existed, pointing out that § 1441(c) was meant to resolve the conflict that had existed over the meaning of "separable controversy." The court stated (page 12, 71 S.Ct. page 539):

"The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal."

In reaching its conclusion that there was no "separate and independent" cause of action against the insurance companies, the court emphasized that there was a "single wrong to plaintiff * * * arising from an interlocked series of transactions." See also Young Spring & Wire Corp. v. American Guarantee & Liab. Ins. Co., 220 F.Supp. 222 (W.D.Mo.1963); Levitt v. Ford Motor Co., 215 F.Supp. 913 (E.D.N.Y.1963).

*Finn* also points out that the plaintiff's pleading "controls" in making the determination of whether a "single and independent" cause of action exists. In the complaint at bar, the plaintiff characterizes its causes of action against Owens-Corning as "separate"; while it

is arguable that the liability alleged is really joint, it is my opinion that the plaintiff's own labels should bear some weight in resolving the motion before the court.

Although the damages sought from both of the defendants are the same, "the prayer for relief is no part of the cause of action and should not be considered in determining whether such cause of action is 'separate and independent'." Puritan Fashions Corp. v. Courtaulds Ltd., 221 F.Supp. 690, 695 (S.D.N.Y. 1963).

It is also arguable that the plaintiff has suffered only one wrong (damage to the roof) and that this wrong arises from an "interlocked series of transactions," the responsibility for which the plaintiff is unable to determine at this time. If the plaintiff actually has suffered one wrong and only a single recovery is sought, it is clear that removal was improper. Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 4 (8th Cir. 1969). However, my examination of the complaint reveals that two contracts are involved and that two wrongs are asserted. As to the defendant Jansen, the plaintiff avers that such defendant improperly installed the roof on the plaintiff's building; as to the defendant Owens-Corning, the plaintiff complains that the materials supplied by Owens-Corning to the subcontractor were inadequate under its guarantee. While both defendants are accused of breach of their respective contracts, it appears to me that the causes of action asserted against them are sufficiently "separate and independent" to warrant removal of the present action. Therefore, the plaintiff's motion to remand must be denied. See also Climax Chemical Co. v. C. F. Braun & Co., 370 F.2d 616 (10th Cir. 1966), cert. denied 386 U.S. 981, 87 S.Ct. 1287, 18 L. Ed.2d 231 (1967).

Therefore, it is ordered that the plaintiff's motion to remand this action to the circuit court of Waukesha County be and hereby is denied.