**NATVAR CORPORATION, Plaintiff,**

v.

**PHELPS DODGE CORPORATION, Defendant.**

**No. 70 Civ. 2968.**

United States District Court, S. D. New York.

June 16, 1971.

Baldwin Maull, Jr., New York City, for plaintiff.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant; Andrew C. Hartzell, Jr., Steven A. Schatten, New York City, of counsel.

MEMORANDUM

LASKER, District Judge.

Defendant moves to dismiss the complaint herein for lack of subject matter jurisdiction under Rule 12(b) (1) of the Federal Rules of Civil Procedure, alleging that the plaintiff fails to meet the jurisdictional requirement of 28 U.S.C. A. § 1332 that the amount in controversy exceed $10,000. Pending determination of this motion pretrial discovery has been stayed.

Plaintiff sues for the contract price of 20,000 pounds of extruded Styroflex film

of .005 thickness and cut to different widths at defendant's specifications. The contract allegedly consists of a release on or about December 15, 1966 under defendant's blanket order with plaintiff for such film, numbered 48797, entered October 1, 1963. Plaintiff alleges that it has performed its part of the contract and has demanded payment, which defendant refused to make. Plaintiff further alleges that to its knowledge there is no other user of film at these specifications, that defendant has discontinued the use of such film, and that plaintiff therefore sold the film in mitigation of damages as scrap for $263.51. The amended complaint sets forth the total contract price as $37,-336.49 less money received in mitigation. Plaintiff seeks this amount plus incidental expenses.

Defendant argues that pretrial discovery reveals that plaintiff in fact manufactured less than 20,000 pounds. At the outside, defendant urges that plaintiff's damages total only $9,058.95.

Plaintiff contests defendant's computations. It urges that the original complaint was drawn with insufficient information and that the amended complaint accurately represents the contract claims presented. Under the Uniform Commercial Code, § 2–709, plaintiff asserts it sues for the contract price, and it contends that defendant's arguments, sounding in restitution, are irrelevant.

Section 2–709 of the Uniform Commercial Code applies to the matter in litigation here, as both parties agree. Both agree that the New Jersey statute, which may apply, is in substance the same as the New York statute. As enacted in 62½ McKinney's Consol.Laws of New York, the relevant parts of § 2–709 read:

"When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price * * * of goods identified to the contract if the seller is unable after er reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing."

■ The amended complaint here seeks recovery as provided in § 2–709. Defendant urges that the claim realistically is for considerably less than the total alleged as damages. However, to accept defendant's contentions at this time would involve a construction of the contract and relevant terms, as to which both questions of fact and law exist. Defendant's estimate of the maximum recoverable ($9,058.95) may be deficient because defendant fails to include whatever incidental damages may appear under § 2–710 of the Uniform Commercial Code.

As was said in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938):

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." (Footnotes omitted.)

The action here appears to be one brought in good faith. This complaint is clearly distinguishable from those complaints brought with colorable claims to $10,000 pain and suffering and only a few hundred dollars in actual medical costs. Cf. Elfand v. Widman, 284 F. Supp. 498 (S.D.N.Y.1968), Ramirez v. Knox, 330 F.Supp. 687 (S.D.N.Y.1971), and cases cited therein. Defendant's motion here appears more akin to a motion for summary judgment asking this court to find as a matter of law that plaintiff cannot recover as much as $10,-

 

000. Such a determination would be improper on the record as it stands.

Accordingly, it is held that jurisdiction is properly founded under 28 U.S. C.A. § 1332. The motion to dismiss is denied, and the stay of discovery is vacated.

It is so ordered.