James V. EZEKIEL, Jr., Plaintiff,

v.

JONES MOTOR CO., INC., and Dennis Lauber, Defendants.

Civ. A. No. 71-2219-J.

United States District Court,
D. Massachusetts.

June 4, 1974.

**274**

Gerald F. Lane, Quincy, Mass., for plaintiff.

Charles W. O'Brien, Parker, Coulter, Daley & White, Boston, Mass., for defendants.

### ORDER REMANDING CASE TO SUPERIOR COURT FOR NORFOLK COUNTY

JULIAN, Senior District Judge.

This tort action was commenced in August, 1971, in the Superior Court for Norfolk County. The defendant Jones Motor Co., Inc., filed on October 14, 1971, a "Petition for Removal" in this Court. The petition asserted that removal was proper under 28 U.S.C. § 1441 [1] since this is a civil action over which this Court has original jurisdiction under the statutory grant of diversity jurisdiction. 28 U.S.C. § 1332. Each defendant has answered and the case is set for trial beginning June 18, 1974.

The federal district courts are courts of limited jurisdiction and it is the Court's duty to inquire into its jurisdiction even when no party questions jurisdiction. Louisville & Nashville R. R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); F.R.Civ.P. 12 (h)(3). In preparation for trial, therefore, the Court has reviewed the file in this case to ascertain whether jurisdiction exists and whether removal was proper.

The right of removal in this case depends upon proper disclosure in

1. Under subsections (a) and (b) of 28 U.S.C. § 1441, each defendant must join in the removal petition. See 1A Moore's Federal Practice ¶ 0.168 [3.–2] [2d ed.] and cases there cited.

Defendant Lauber did not join in the petition. On the face of the declaration it is clear that 28 U.S.C. § 1441(c) is inapplicable.

the pleadings of the existence of original federal diversity jurisdiction. Salem Trust Co. v. Manufacturers' Fin. Co., 264 U.S. 182, 189, 44 S.Ct. 266, 68 L.Ed. 628 (1924); 28 U.S.C. §§ 1441, 1446(a). This Court has original jurisdiction of this case under 28 U.S.C. § 1332 only if all defendants are of citizenship diverse to that of the plaintiff. Original federal diversity jurisdiction is lacking if one of the defendants is a citizen of the same state as the plaintiff. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806); Barker v. Lein, 366 F.2d 757, 758 (1 Cir. 1966); Charles Dowd Box Co. v. Fireman's Fund Ins. Co., 303 F. 2d 57, 59 (1 Cir. 1962).

The "Petition for Removal" asserts that the plaintiff was and is a citizen of Massachusetts and that the defendant Jones Motor Co., Inc., was and is a corporation incorporated in Pennsylvania with its principal place of business in Pennsylvania. There is no allegation in the petition concerning the citizenship of the defendant Lauber. The state court writ states that Dennis Lauber is "of Boston," Massachusetts. Further, the deputy sheriff's return of service states that Lauber was summoned on September 10, 1971, to answer "by leaving at his last and usual place of abode to wit; 30 Annunciation Rd., Roxbury district in said Boston a summons." These are the only indicia of Lauber's citizenship which appear in the pleadings, or in the entire file.

The pleadings do not disclose either expressly or by inference the existence of original federal diversity jurisdiction since the defendant Lauber is of unspecified citizenship. Indeed, the inference strongly supported by the pleadings is that Lauber's citizenship is not diverse to that of the plaintiff but rather the same as the plaintiff's. Since the pleadings do not disclose the existence of original federal diversity jurisdiction, it is *ordered* that this action be remanded to the Superior Court for Norfolk County.