**BELLAMY EXPLOSIVES COMPANY, INC., Plaintiff,**

v.

**ATLAS POWDER COMPANY, etc., Defendant.**

**No. CIV-2-77-163.**

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 23, 1977.

On Motion to Remand Jan. 23, 1978.

David S. Haynes, Bristol, Tenn., for plaintiff.

Ronald L. Gaffney, Louisville, Ky., George E. Barnett, Nashville, Tenn., Thomas W. Overall, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed diversity action seeking equitable relief in the nature of an accounting between the parties. 28 U.S.C. §§ 1332(a)(1), (c); 1441(a), (b). The defendant moved for the dissolution of a restraining order issued by the Chancery Court, Part I, at Blountville, Tennessee prior to such removal.[1] As grounds for such motion, the defendant contends that the plaintiff " * * * failed to show that its rights are being or will be violated by [the] [d]efendant and that [the] [p]laintiff will suffer immediate and irreparable injury, loss or damages before notice can be served and a hearing held. * * * "

■ The defendant failed to submit with such written motion a brief with authorities as is required by local Rule 12(a).[2] Furthermore, it does not appear from the limited record herein that the state chancellor acted improperly in issuing such re-straining order.[3] Accordingly, the defendant's motion hereby is

OVERRULED.

## ON MOTION TO REMAND

A United States magistrate of this district recommended that the plaintiff's motion herein of November 22, 1977, to remand this action to the state court from which it was removed, be denied. 28 U.S.C. § 636(b)(1)(B). A copy of such recommendation was mailed to counsel for each party hereto on December 19, 1977; however, no timely written objections thereto were served and filed. 28 U.S.C. § 636(b)(1). The undersigned judge hereby ACCEPTS such recommendation.

■ The plaintiff contends that the amount in controversy herein between the parties does not exceed the sum or value of $10,000, exclusive of interest and costs, so that the Court lacks jurisdiction of the subject matter under 28 U.S.C. §§ 1332(a)(1),* (c). Although the complaint herein indicates that the amount in controversy between these parties at least exceeds $37,015.98, exclusive of interest and costs, the plaintiff (by affidavit) now proposes to return voluntarily to the defendant the inventory sold it by the defendant, over which the dispute herein appears to have arisen.

" * * * The amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced. Subsequent actions cannot divest the court of jurisdiction, once it has been

---

1. Such restraining order remains in full force and effect after removal until dissolved or modified by this Court. 28 U.S.C. § 1450.

2. " * * * Counsel shall submit with all written motions a brief with authorities. * * * " Local Rule 12(a).

3. It could be issued only upon the chancellor's determination that the plaintiff's rights were being or would be violated by the defendant, and that the plaintiff would suffer immediate and irreparable injury, loss or damage before notice could be served and a hearing had thereon. Rule 65.03(1), Tennessee Rules of Civil Procedure. It must be presumed that the chancellor followed the law in this regard. See:

*TRW, Inc., TRW Michigan Division v. N. L. R. B.,* C.A. 6th (1968), 393 F.2d 771, 774[4]; and *United States v. $1,963 In United States Money,* D.C.Tenn. (1967), 270 F.Supp. 396, 401[9], citing *The Bank of the United States v. Dandridge* (1827), 25 U.S. (12 Wheat.) 64, 69, 6 L.Ed. 552, 554.

* " * * * The [United States] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between * * * citizens of different States. * * * " 28 U.S.C. § 1332(a)(1).

acquired. * * * " *Worthams v. Atlanta Life Ins. Co.*, C.A. 6th (1976), 533 F.2d 994, 997[2]. This Court, having acquired jurisdiction of this action at the time it was providently removed hereto by the defendant, the motion of the plaintiff hereby is

DENIED.