**Mary F. LEWIS, Plaintiff,**

v.

**CHARLES H. BENTZ ASSOCIATES, INC., Defendant.**

No. 84–C–0953.

United States District Court, E.D. Wisconsin.

Jan. 9, 1985.

Boris Sodos, Sodos, Schuman & Pieper, Milwaukee, Wis., for plaintiff.

Barry L. Chaet and Kevin J. Kinney, Krukowski & Associates, S.C., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the motion of plaintiff Mary F. Lewis to remand this case, pursuant to 28 U.S.C. § 1447(c), to the state circuit court from which it was removed. The Court has determined, for the reasons stated below, that the arguments articulated by the plaintiff in support of her request for remand do not justify the relief sought and that the motion must therefore be denied.

## BACKGROUND

This action was initiated on July 5, 1984, when the plaintiff filed her complaint in the Wisconsin Circuit Court for Milwaukee County. By her original complaint, the plaintiff alleged that she entered into an employment contract with the defendant for a one-year period beginning January 1, 1984, at a salary of $28,000. The plaintiff further charged that on April 13, 1984, the

defendant notified her by letter that her employment would be terminated at the end of that month. Finally, the plaintiff claimed that notwithstanding her demands for payment of her monthly salary, the defendant had failed and refused to make such payments for the months of May and June, representing a total amount allegedly due and owing of $4,666.67.

In addition to her demand in that amount, the plaintiff also sought judgment for those sums which would become due each month throughout the remainder of 1984, pursuant to the one-year employment contract. Finally, the plaintiff demanded judgment for the payment or maintenance of the health insurance program provided by the defendant, along with reasonable costs and attorneys' fees incurred in the prosecution of this matter.

Two weeks after this action was commenced, on July 19, 1984, the defendant filed its petition for removal, pursuant to 28 U.S.C. §§ 1441 & 1446, and the matter was randomly assigned to this Court for all further proceedings. At the same time, the defendant filed its answer to the original complaint, denying all substantial allegations incorporated therein and raising four affirmative defenses—namely, the plaintiff's own inability or refusal to perform under the employment contract, the statute of frauds, accord and satisfaction, and failure to state a claim upon which relief might be granted.

Shortly thereafter, on July 31, 1984, the plaintiff filed the present motion to remand this action to the state court from which it was removed. In principal support of her motion, the plaintiff offers an amended complaint, setting forth the same seminal allegations as the original but incorporating a claim of mitigation of damages, based on her reemployment in mid-July of 1984, some two and one-half months after the alleged termination from the defendant's employment.

The upshot of the plaintiff's request for remand is that in thus mitigating her damages, she has reduced the actual amount in controversy in this matter to a sum below the jurisdictional prerequisite of $10,000, as established in 28 U.S.C. § 1332(a). As a peripheral matter, the plaintiff also argues in her supporting memorandum that the defendant failed to properly allege the diversity of citizenship of the parties in its removal petition of July 19, 1984. For these companion reasons, the plaintiff requests that this matter be remanded to the Wisconsin Circuit Court for Milwaukee County, pursuant to 28 U.S.C. § 1447(c).

On August 13, 1984, the defendant filed its brief in opposition to the plaintiff's present motion, recounting briefly the procedural history of this case and contending that neither of the arguments advanced by the movant justifies the relief sought. In particular, the defendant argues, based on considerable authority, that the plaintiff, in circumstances like the present, cannot compel remand by amending the complaint to reduce the jurisdictional amount after the action has been properly removed to federal court. Furthermore, while questioning whether the issue of the parties' diversity is properly raised by the plaintiff's motion, counsel for the defendant nonetheless provides the Court with an affidavit affirming his knowledge of the plaintiff's Wisconsin citizenship—an affirmation supplemented on August 22, 1984, with a second affidavit reporting the plaintiff's own confirmation of her Wisconsin citizenship.

Also filed on August 13, 1984, was the defendant's answer to the amended complaint, denying, as in the answer to the original complaint, all substantive allegations made by the plaintiff and raising, as before, four affirmative defenses. To date, the plaintiff has not filed a reply to the defendant's answering brief, and the time for interposition of such a document has long passed. Accordingly, the Court today resolves the present petition for remand based on the plaintiff's moving papers, the defendant's responsive brief and supporting affidavits, and its own understanding and application of the relevant law.

## 28 U.S.C. §§ 1332(a), 1441(a), & 1447(c) AND THE PLAINTIFF'S MOTION TO REMAND

As both parties to this action acknowledge in their opposing briefs, this action

was removed to federal court pursuant to 28 U.S.C. § 1441(a), which provides for the removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction...." In a case such as this, the Court's original jurisdiction is established by 28 U.S.C. § 1332(a)(1), since "the matter in controversy exceeds the sum of value of $10,000, exclusive of interest and costs, and is between ... citizens of different states." Of course, as indicated above, the plaintiff's challenge to the propriety of removal is premised on the dual arguments that the defendant, in its removal petition, failed to establish the diversity of the parties and that the amount in controversy, as set forth in the plaintiff's amended complaint, no longer exceeds the $10,000 jurisdictional prerequisite.

◼ As to the first of these conditions, it is well established that the diversity of parties, as prescribed by 28 U.S.C. § 1332(a), must be complete—that is, that all indispensable parties with claims on one side of the controversy must be citizens of different states from all indispensable parties with claims on the other. *See Krupnick v. Union National Bank,* 470 F.Supp. 1037, 1038 (W.D.Pa.1979); *Schetter v. Heim,* 300 F.Supp. 1070, 1072 (E.D.Wis. 1969). Indeed, if the citizenship of any plaintiff is identical to that of any defendant in an action premised on the jurisdictional prescription of 28 U.S.C. § 1332(a), diversity is completely destroyed. *See Owen Equipment & Erection Company v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

This Court has itself recently invoked these well-established principles regarding federal diversity jurisdiction in finding that the amendment of a complaint to join a nondiverse, yet necessary, party as an additional defendant necessitated remand to the state court from which the action was removed. *See Wimes v. Eaton Corporation,* 573 F.Supp. 331 (E.D.Wis.1983). In that case, the Court found that the joinder of another indispensable Wisconsin defendant whose interests were clearly adverse to those of the Wisconsin plaintiff destroyed the diversity jurisdiction invoked by the Ohio defendant in its removal petition, filed pursuant to 28 U.S.C. § 1332(a) & 1441(a).

In the present case, however, the Court finds that the parties are, indeed, diverse and that remand on this basis alone would thus not be justified. Although the plaintiff's argument in this context is that the defendant has alleged in its removal petition only that the plaintiff is a resident—not a citizen—of the State of Wisconsin, it is apparent that any question as to the plaintiff's citizenship has now been resolved: By his affidavit of August 22, 1984, counsel for the defendant affirms that at the plaintiff's deposition of August 17, 1984, she confirmed her Wisconsin citizenship. *See also Affidavit* of Barry L. Chaet (August 13, 1984) ("... to [his] knowledge and belief, the plaintiff ... is domiciled in, resides in, and is a citizen of the State of Wisconsin").

◼ This, coupled with the apparently undisputed fact that the defendant is a foreign corporation doing business in Wisconsin, leads perforce to the conclusion that the parties to this action are, indeed, diverse. The Court does not view the defendant's allegation of the plaintiff's residency—as opposed to citizenship—as so egregious a deficiency in the removal petition as to justify remand to the state tribunal. While recognizing that some courts have found such a technical infirmity a sufficient basis upon which the propriety of removal might be challenged, *see, e.g., Wells v. Celanese Corporation of America,* 239 F.Supp. 602, 604 (E.D.Tenn.1965); *Ezekiel v. Jones Motor Company,* 377 F.Supp. 273, 275 (D.Mass.1974), this Court declines the plaintiff's invitation to place form above substance and will instead permit the further litigation of this matter in the federal forum.

◼ Likewise, the Court does not regard the plaintiff's amendment to her complaint, arguably reducing the amount in controversy to a sum below $10,000, as a sufficient

basis upon which to grant the present motion. To be sure, 28 U.S.C. § 1332(a) establishes federal diversity jurisdiction only when the amount in controversy exceeds $10,000, exclusive of interest and costs. *See Clark v. National Travelers Life Insurance Company*, 518 F.2d 1167, 1169 (6th Cir.1975); *P.H. Glatfelter Company v. Thomas A. Galante & Sons, Inc.*, 236 F.Supp. 1022, 1023 (N.D.N.Y.1964). As a general rule, however, the amount in controversy for purposes of the Court's diversity jurisdiction is determined at the time the action is commenced. *Commercial Credit Corporation v. Lane*, 466 F.Supp. 1326, 1329 (M.D.Fla.1979); *Esler v. Northrop Corporation*, 86 F.R.D. 20, 27 (W.D. Mo.1979).

■ The logical corollary to this rule is that in an action initiated in state court, the federal tribunal must determine whether the $10,000 jurisdictional requirement is met at the time of removal. *Rosenberg v. G.W.V. Travel, Inc.*, 480 F.Supp. 95, 96 (S.D.N.Y.1979); *Joint School District v. Joseph P. Jansen Company*, 324 F.Supp. 1399, 1400 (E.D.Wis.1971). In this undertaking, it is to the plaintiff's original petition or complaint to which the federal court must look in determining whether the removal procedures of 28 U.S.C. § 1446 are properly invoked. *American Fire & Casualty Company v. Finn*, 341 U.S. 6, 14–16, 71 S.Ct. 534, 540–41, 95 L.Ed. 702 (1951); *Bellamy Explosives Company, Inc. v. Atlas Powder Company*, 452 F.Supp. 6, 7 (E.D.Tenn.1977).

■ It is equally well established that once a case is properly removed, the plaintiff cannot successfully do anything to defeat federal jurisdiction and force a remand—a proposition articulated clearly by the United States Supreme Court in *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 291–292, 58 S.Ct. 586, 591–92, 82 L.Ed. 845 (1938), as follows:

> ... of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal [to federal court] will be futile and remand [to state court] will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand. *And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.*

Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached (emphasis added).

The principle has been widely invoked to preclude plaintiffs in federal court from amending their pleadings to state claims for amounts equal to or less than the $10,000 prerequisite of 28 U.S.C. § 1332(a) as a means of compelling remand. *See, e.g., Swafford v. Transit Casualty Company*, 486 F.Supp. 175, 177 (N.D.Ga.1980) (by deleting claim for punitive damages, plaintiff cannot divest federal court of jurisdiction once it has attached); *Golatte v. Mathews*, 394 F.Supp. 1203, 1205 (M.D.Ala.1975) (amendment of complaint to state damages of only $9,950 does not strip court of jurisdiction over removed case); *Albright v. R.J. Reynolds Tobacco Company*, 531 F.2d 132, 134–136 (3d Cir.) *cert. denied*, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976) (likewise); *Beddings v. Great Eastern Stages*, 6 F.Supp. 529, 530 (E.D.Ill.1959) (likewise).

As indicated above, there is no dispute that, at the time the defendant filed its removal petition in this action, the amount in controversy exceeded $10,000; in fact, the original claim was calculable at an amount well in excess of $18,000.[1] It is only by way of her amended complaint, in which she asserts mitigation of damages through reemployment, that the amount in

---

1. In her original complaint, the plaintiff sought judgment, in part, in the amount of $4,666.67,

controversy drops to an amount only slightly in excess of $8,000, exclusive of interest and costs.[2]

■ While the plaintiff's apparent mitigation of her damages is commendable, it is clear, from the overwhelming weight of the authority cited above, that it cannot form the basis upon which a remand order might reasonably issue. The Court's jurisdiction over this matter attached on July 19, 1984, when the defendant properly filed its removal petition. The filing of the plaintiff's amended complaint some twelve days later, arguably reducing the amount in controversy to a sum below $10,000, does nothing to strip this Court of jurisdiction under 28 U.S.C. § 1332(a). Accordingly, the Court must conclude, in the language of 28 U.S.C. § 1447(c), that the case is not in this forum "improvidently and without jurisdiction," warranting the plaintiff's request for remand.

### CONCLUSION

For the reasons articulated above, the Court hereby DENIES the plaintiff's motion for an order remanding this case to the Wisconsin Circuit Court for Milwaukee County, pursuant to 28 U.S.C. § 1447(c).

In order to ensure that the prosecution and defense of this matter now proceed apace, the Court has scheduled a brief status conference for *9:30 a.m., on Friday, January 25, 1985.* Counsel for both parties are instructed to come to the hearing prepared to discuss their expectations regarding discovery, the filing of dispositive motions, and further pretrial proceedings.

---

representing the salary payments allegedly due and owing pursuant to the subject employment contract for the two months following her termination and prior to the initiation of this action in state court—namely, for the months of May and June of 1984. Significantly, the plaintiff also sought judgment against the defendant "for the amount which shall become due each and every month hereafter in accordance with said contract less any mitigation from future employment which plaintiff may obtain." Plaintiff's Original *Complaint* at 2 (July 3, 1984). Finally, the plaintiff sought payment or maintenance of the health insurance program supplied by her former employer-defendant and for reasonable costs and attorneys' fees.

Since the one-year employment contract provided for a salary of $28,000, the defendant's potential liability on the contract alone totalled $18,666.66 for the eight months from May through December of 1984. The additional claims for insurance benefits and litigation costs only served to increase further an amount in controversy well in excess of the $10,000 jurisdictional prerequisite.

**2.** In her amended complaint, the plaintiff continues to seek judgment in the amount of $4,666.67 for the months of May and June but alleges in mitigation of her damages for the remainder of the contract term that she began employment with the United Performing Arts Center on July 15, 1984, at an annual salary of $23,000. Accordingly, the plaintiff now claims that the defendant owes her salary payments, in part, in the amount of $5,833.33, representing the sum due and owing for the two and one-half month period from May 1 through July 15, 1984. She also charges that the defendant owes her "the difference between plaintiff's salary of $28,000.00 per year for the job plaintiff had with defendant, and plaintiff's present salary of $23,000.00 per year, for the balance of the year 1984, July 15 through December 31, 1984, totalling five and one-half months, said difference in salary amounting to $2,291.63 for these five and one-half months." Plaintiff's *amended* Complaint at 2 (July 31, 1984).

Thus, the plaintiff's present total prayer for judgment is in the amount of $8,124.96, exclusive of interest and costs. She has apparently decided not to pursue her related claim for the amount of the health insurance benefits previously provided by the defendant.