Polacheck and Harris by James T. Moczydlowski, Milwaukee, Wis., for plaintiff.

Dunlap & Assoc. by Kenneth Dunlap, Milwaukee, Wis., for defendant.

**RICHARD SCHILFFARTH & ASSOCIATES, LTD.,**
**Plaintiff,**

v.

**COMMONWEALTH EQUITY SERVICES, INC.,**
**Defendant.**

**No. 89–C–735.**

United States District Court,
E.D. Wisconsin.

July 18, 1989.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On April 13, 1989, the plaintiff filed this breach of contract action in state circuit court seeking $23,727.71 in damages. The plaintiff served the summons and complaint on the defendant on May 10, 1989. Relying on the existence of diversity of citizenship, the defendant removed the instant action to this court on June 16, 1989. The defendant has moved to dismiss the action for lack of personal jurisdiction, or, in the alternative, to change venue to the federal district court for Massachusetts. The action will be remanded to the state circuit court because this court lacks subject matter jurisdiction.

■ A federal court may not reach the merits of any controversy until subject matter jurisdiction is established. *Lingle v. Norge Div. of Magic Chef,* 823 F.2d 1031 (7th Cir.1987), rev'd on other grounds, — U.S. —, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The court, on its own motion, has examined the propriety of the removal and now determines that the removal was improper. Accordingly, I will not reach the defendant's motion to dismiss or its alternative application to transfer the case to Massachusetts.

■ In the defendant's petition for removal, it recognized that the amount in controversy did not exceed $50,000 as is required for diversity jurisdiction as of May 18, 1989. See the Judicial Improvements and Access to Justice Act. Public Law No. 100–702, 102 Stat. 4642. The defendant asserted in its petition that the district court should look to the date that the complaint was originally filed in state court to determine whether the jurisdictional amount was satisfied. It concluded that since the complaint was filed at the time when $10,000 was sufficient for diversity purposes, the action was removable.

■ The defendant's position is contrary to the rule that a district court must determine whether the jurisdictional amount is met at the time of removal. In *Lewis v. Charles H. Bentz Associates, Inc.,* 601 F.Supp. 109, 113 (E.D.Wis.1985), Judge Robert Warren observed:

As a general rule, however, the amount in controversy for purposes of the Court's diversity jurisdiction is determined at the time the action is commenced. *Commercial Credit Corporation v. Lane,* 466 F.Supp. 1326, 1329 (M.D.Fla.1979); *Esler v. Northrop Corporation v. Lane,* 86 F.R.D. 20, 27 (W.D. Mo.1979).

The logical corollary to this rule is that in an action initiated in state court, the federal tribunal must determine whether the $10,000 jurisdictional requirement is met at the time of removal. *Rosenberg v. G.W.V. Travel, Inc.,* 480 F.Supp. 95, 96 (S.D.N.Y.1979); *Joint School District v. Joseph P. Jansen Company,* 324 F.Supp. 1399, 1400 (E.D.Wis.1971).

The defendant filed its petition for removal on June 16, 1989. The amount in controversy is $23,727.71. Not only was the petition untimely (see 28 U.S.C. § 1446(b) which provides that petitions for removal must be filed within thirty days after receipt of service), the jurisdictional amount is deficient.

Therefore, IT IS ORDERED that the action be and hereby is remanded to the circuit court for Milwaukee county.